Herbert D. Hamm, J.
This is a proceeding to review the determination of the Zoning Board of Appeals granting a special exception as to the use of premises.
There was no adequate proof before the Zoning Board of Appeals to warrant a variance under the rules laid down in Matter of Otto v. Steinhilber (282 N. Y. 71), as reiterated in Matter of Crossroads Recreation v. Broz (4 N Y 2d 39), and there were no findings of fact indicating that the requirements had been met. Moreover, the applicants before the board were at best contract vendees and their agreement with the owner was conditional on their obtaining a change in use. “ One who knowingly enters into a contract to purchase land for a prohibited use cannot thereafter have a variance in the use of premises on the ground of unnecessary hardship.” (Matter of Blumberg v. Feriola, 8 A D 2d 850, 851, affd. 7 N Y 2d 852.) So the respondents, unable to authorize a variance, purported to grant a special exception.
Article XVIII of the Zoning Ordinance of the Town of Bethlehem provides that the Board of Appeals may, when in its *1094 ■judgment the public convenience and welfare shall be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, in a specific case after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations therein established as follows: “ 8. Permit in any district any modification of limitation as to use.” The difference between a variance and a special exception is substantial. “ The granting of a special exception does not entail making an exception to the ordinance but rather permitting certain uses which the ordinance authorizes under stated conditions. In other words, a special exception is one allowable when the .facts and circumstances specified in the ordinance as being those upon which the exception is permitted are found to exist. Unlike a variance, a special exception does not involve the varying of the ordinance but rather compliance with it. It is true that a Board of Appeals of a town has the power, pursuant to section 267 of the Town Law, to allow a property owner to make use of his property in some way which is in conflict with the literal provisions of the ordinance. In such cases, it has been held that the power to grant a variance is to be sparingly exercised and only in rare instances, personal in nature and caused by unique circumstances, and while a showing of unnecessary hardship is a prerequisite to a use variance (Matter of Otto v. Steinhilber, 282 N. Y. 71), no such proof is necessary for a special exception permit. The issuance of a special exception permit is a duty imposed upon a Board of Appeals provided, of course, that the proposed use meets with all the standards provided in the ordinance (see Matter of Syosset Holding Corp. v. Schlimm, 159 N. Y. S. 2d 88, mod. on other grounds 4 A D 2d 766).” (Matter of Family Consultation Serv. v. Howard, 14 Misc 2d 194, 196-197.)
The application stated that it was “ For a Variance ”. Both the zoning ordinance (art. XVIII) and the Town Law (§ 267) required notice of public hearing as a condition to authorizing a special exception. The published notice of public hearing stated in haec verba that it was to take action on an appeal “ for a variance”. The persons who appeared in opposition at the public hearing objected oh the theory that a variance was béing sought. This was the issue they came prepared to meet. For instance the Bethlehem Central School District in a letter which the Board of Appeals authorized it to file stated: “ The authority of the Board of Appeals is defined in section 267 of the Town Law as follows: ‘ Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict *1095 letter of such ordinances, the Board of Appeals shall have the power in passing upon appeals to vary or modify the application of any of the provisions of such ordinance relating to the use, construction or alteration of buildings or structures, or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done. ’ ” It has been held that a notice of hearing that substantially differs from a proposed amendment adopted is insufficient to confer jurisdiction and that the amendment is void (Callanan Road Improvement Co. v. Town of Newburgh, 6 Misc 2d 1071, affd. 5 A D 2d 1003). Here no notice whatever of any hearing relative to a special exception was published, A fortiori the respondents’ determination purporting to grant a special exception is void and the determination must be annulled.