In the Matter of WILLIAM J. HARTNETT et al., Appellants, *v.* WILLIAM S. SEGUR et al., Constituting the Board of Zoning Appeals of the Town of Bethlehem, Respondents; FLEAHMAN-RICE ENTERPRISES, INC., Intervenor-Respondent.

Third Department, May 6, 1964.

*William J. Schoonmaker* for appellants.

*Karl H. Schrade* for respondents.

*Medwin, Tabner & Carlson (John W. Tabner* of counsel), for intervenor-respondent.

TAYLOR, J. In an article 78 (Civ. Prac. Act) proceeding to review and annul a determination of the Board of Zoning Appeals of the Town of Bethlehem, Albany County, granting the application of the intervenor for a special exception for the construction and operation of an automatic car wash facility

upon premises situate largely in a district zoned for business, petitioners, nearby property owners, appeal from an adverse order of the Supreme Court at Special Term.

The zoning ordinance provides, *inter alia,* that " No building or land shall be used and no building shall be erected or structurally altered, which is arranged, intended or designed to be used for other than one or more of the following uses "—with exceptions not here pertinent—after which the uses requiring the grant of a special exception are defined, none of which embraces a car wash facility (art. V). Thus, the proposed use is proscribed by its terms.

Article XVIII of the enactment specifies that the appeal board may, when in its judgment the public convenience and welfare shall be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, in a specific case after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations therein established as follows: " 8. Permit in any district any modification of limitation as to use." Invoking this provision the intervenor applied for and was granted a special exception upon findings that the prescribed standards had been met. It is conceded that no application for a use variance was made. (See Town Law, § 267, subd. 5.) The difference between a special exception and a variance is substantial. (*Matter of Foland* v. *Zoning Bd. of Appeals,* 26 Misc 2d 1093; 1 Rathkopf, Law of Zoning and Planning, ch. 54, p. 3.)

" Special exception procedure applies only to uses or improvements expressly permitted by the zoning ordinance, but with such permission subject to approval by an official body, e.g., a Zoning Board of Appeals * * *. Here, there is no such permission; the proposed improvement is flatly prohibited." (*Matter of Simensky* v. *Mangravite,* 16 A D 2d 977, affd. 12 N Y 2d 908; see, also, *Matter of Syosset Holding Corp.* v. *Schlimm,* 15 Misc 2d 10, mod. on other grounds 4 A D 2d 766.) It has been held that the power to grant a special exception must be strictly construed. (*Matter of Plotinsky* v. *Gardner,* 27 Misc 2d 681 and cases cited therein.)

The terms " public garage " and " gasoline service station " cannot be extended, as Special Term thought, to include an adjunctive automatic car wash use for the purpose of bringing it within the application of the special exception clause of the ordinance. (*Matter of Von der Heide* v. *Zoning Bd. of Appeals,* 204 Misc. 746, affd. 282 App. Div. 1076, mot. for lv. to app. den. 306 N. Y. 986.)

In our view the action of the board was in excess of its jurisdiction and its determination must be regarded as arbitrary.

The order should be reversed, on the law and the facts, without costs and determination of the Zoning Board of Appeals annulled, without prejudice to such further application for a variance or other appropriate relief as intervenor may be advised.

Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.

Order reversed, on the law and the facts, without costs, and the determination of the Zoning Board of Appeals annulled, without prejudice to such further application for a variance or other appropriate relief as intervenor may be advised.