■ In the Matter of CITIZENS COUNCIL VILLAGE OF NEW HYDE PARK, INC., Petitioner, v ARTHUR MOORE et al., as Trustees of the Incorporated Village of New Hyde Park, Respondents.—Proceeding to remove the respondents from their elective positions as Trustees of the Incorporated Village of New Hyde Park. Motion by respondents to dismiss the proceeding on the grounds (1) that petitioner does not have the legal capacity to bring the proceeding and (2) that the petition fails to state a cause of action. Motion granted, proceeding dismissed, without costs. Section 36 of the Public Officers Law provides that application for removal of a village officer may be made by any "citizen resident" of the village. This application is made by a corporation, whose general membership it is alleged, is made up of citizens and residents of the village. The verification is by the chairman of the board of directors of the corporation. In our opinion, a corporation is not a "citizen resident" because the corporation does not have the power to vote in village elections. Gulotta, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ In the Matter of LAWRENCE KADISH, Petitioner, v ELEANOR A. SIMPSON et al., Constituting the Board of Trustees of the Incorporated Village of Old Westbury, Respondents.—Proceeding pursuant to CPLR article 78 to review the respondents' determination, dated May 20, 1976, which, after a hearing, denied petitioner's application made pursuant to a village ordinance, for a permit to grade, spread topsoil and seed his property. Determination annulled, on the law, without costs or disbursements, and the matter is remitted to respondents for reconsideration and the making of findings in proper form, with leave to the parties to present such other and further proof as they may be advised. The board did not set forth the facts upon which it based its determination. Mere conclusory statements without any findings of fact are insufficient. The requirement of a clear statement of factual grounds for the denial of a permit is not met by merely restating the terms of the applicable statute (2 Anderson, NY Zoning Law & Practice [2d ed], § 20.31; see, also, *Matter of Seaford Jewish Center v Board of Zoning Appeals of Town of Hempstead,* 48 AD2d 686; *Matter of T. J. R. Enterprises v Town Bd. of Town of Southeast,* 50 AD2d 836). Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur.