■ In the Matter of C & S GOLF & COUNTRY CLUB CORP., Respondent, v BYAM K. STEVENS, JR., et al., Constituting the Board of Zoning Appeals of the Incorporated Village of Muttontown, Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the Board of Zoning Appeals of the Incorporated Village of Muttontown, dated July 14, 1975, which, after a hearing, denied petitioner's application, *inter alia*, for a continuation for five years of a three-year special use permit allowing it to maintain and operate a profit-making country club, the appeal is from a judgment of the Supreme Court, Nassau County, entered July 9, 1976, which (1) annulled the determination (except insofar as it granted petitioner's request to reduce a previously imposed set-back requirement for existing outdoor tennis courts) and (2) remitted the matter to the board "for further hearing and proceedings, on an application for a use variance and related and incidental relief, following which said Board * * * shall issue a new decision." The appeal also brings up for review an order of the same court, dated January 16, 1976, which denied the board's preanswer motion to dismiss the petition on the ground that it did not state facts sufficient to entitle the petitioner to the relief prayed for therein. Judgment modified, on the law, by deleting from the second decretal paragraph thereof the following words: "on an application for a use variance and related and incidental relief", and by substituting therefor the following words at the end of said paragraph: "based on the circumstances of the case, taking into account whether the petitioner is entitled to relief on the ground of vested rights." As so modified, judgment affirmed, without costs or disbursements. In March, 1972 the board granted to the petitioner-respondent "a three (3) year temporary special use permit to maintain and operate a profit making country club" on certain premises then in use as a golf and country club. In March, 1975 the petitioner applied to the board for a three-year extension of that permit. (The application was amended so as to seek a five-year exten-

sion.) Except for incidental relief not relevant to this appeal, the board denied the application. This proceeding followed. The board moved to dismiss the petition on the ground that it did not state facts sufficient to entitle the petitioner to relief, and Special Term denied the motion. (The board seeks review of that order upon this appeal, and we believe that the order was properly made.) The proceeding then came on for hearing before Special Term, which annulled the determination and directed a new hearing. Special Term held that although the board had no authority to grant a temporary permit for a profit-making country club under the zoning ordinance, the application should be considered as one for a use variance and the board should make a new determination after the new hearing. Subsequently, the zoning ordinance was amended so as to eliminate the provision authorizing a permit under a variance for a profit-making club. Upon this appeal the court must consider the ordinance as amended (*Matter of Lunden v Petito,* 30 AD2d 820). Hence, the board is not now authorized to issue a permit under a variance. At the new hearing, the board must take into account any circumstances tending to establish that the petitioner possesses vested rights under the unique facts of this case (cf. *Matter of Lefrak Forest Hills Corp. v Galvin,* 40 AD2d 211, 217-219, affd 32 NY2d 796, cert den 414 US 1004; *Reichenbach v Windward at Southampton,* 80 Misc 2d 1031, affd 48 AD2d 909). Hopkins, J. P., Rabin, Shapiro and O'Connor, JJ., concur.