■ In the Matter of RICHARD FARRELL, Respondent-Appellant, v BOARD OF ZONING AND APPEALS OF THE INCORPORATED VILLAGE OF OLD WESTBURY, Appellant-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning and Appeals of the Incorporated Village of Old Westbury which denied petitioner's application for variances, the parties cross-appeal (by permission) from a judgment of the Supreme Court, Nassau County, dated November 7, 1979, which annulled the determination and remitted the matter to the board for a new hearing

solely on petitioner's request for a side yard variance. Judgment modified, on the law, by deleting from the second decretal paragraph thereof everything after the word "relating" and substituting therefor the following: "solely as to petitioner's request for a variance of the 50-foot side yard requirement of the ordinance so as to permit an encroachment to the extent of approximately four feet into the required side yard and for a variance of the rear yard coverage requirement of the ordinance so as to permit coverage in excess of 15% and to make a new decision upon said requests upon the merits thereof". As so modified, judgment affirmed, without costs or disbursements. Petitioner is the owner of a two-acre parcel of land upon which is situated his residence and, in the rear yard, a swimming pool, a child's playhouse and an asphalt-surfaced tennis court. The tennis court's approved plans called for a 50 by 100 foot playing surface, but the petitioner, without authorization, extended the surface to cover 60 by 120 feet during the construction process. Petitioner also planned to eventually enclose the swimming pool and, with this in mind, he (1) had the contractor install additional struts and structural underpinnings and (2) had architectural plans for the enclosure drawn up which were preliminarily approved by the village building inspector. Thereafter, when he sought a building permit for the pool enclosure, he was informed, *inter alia,* that two variances would be required (a third variance is not in issue), in part because his plans had been drawn up under the then-existing 40-foot side yard requirement of the village zoning ordinance (Village of Old Westbury, Building Zone Ordinance, § 406 [1973]. After completion of the plans, however, and, unbeknown to the petitioner, the ordinance was amended by increasing the side yard requirement to 50 feet (Village of Old Westbury, Building Zone Ordinance, § 406 [as amd Feb. 21, 1978]), thereby requiring petitioner to obtain a variance for an encroachment of 3.9 feet into the required side yard. In addition, petitioner was informed that he required a variance from the following provision of the village zoning ordinance, to wit: "Accessory buildings or structures shall not occupy more than fifteen (15) percent of the area of the rear yard. The yard area occupied by the accessory buildings or structures shall be included in computing the maximum percent of the lot area which may be utilized for building." (Village of Old Westbury, Building Zone Ordinance, § 409, subd 1, as amd.) According to the village building inspector, petitioner's present accessory structures currently occupy 18% of his rear yard and enclosure of the swimming pool would increase this percentage to 20.6%. After applying for these variances, and during the course of the hearings, petitioner subsequently asserted an alternate theory, i.e., that a variance in the rear yard coverage provision would not be required, as the tennis court was not a structure within the meaning of the ordinance. The board disagreed and ultimately denied both variances, but Special Term took a contrary view and annulled the determination, ruled that a tennis court was *not* a "structure" and remitted the matter for *de novo* consideration of the application for a side yard variance uncolored by any collateral issues. We agree with Special Term that the request for a side yard variance should be reheard on the merits, as the record is replete with evidence that the board based its determination on issues foreign to that application and which were irrelevant thereto. In addition, the board's "findings of fact" are conclusory as regards the petitioner's application and are not supported by the record. Conclusory findings of fact are insufficient to support a determination by a zoning board of appeals, which is required to clearly set forth "how" and "in what manner" the granting of a variance would be improper (see *Matter of*

*Zulkofske v Board of Zoning Appeals of Inc. Vil. of Muttontown,* 61 AD2d 824, mot for lv to app den 44 NY2d 646; 2 Anderson, New York Zoning Law & Practice [2d ed], § 20.31). However, for the same reasons, we further hold that petitioner's application for a variance in the rear yard coverage requirement must also be remitted for a new hearing and proper findings of fact, as we cannot agree with Special Term that petitioner's tennis court is not a "structure". Thus, at the time in issue the zoning ordinance defined a "structure" as follows: "Structure: Any combination of materials forming any construction and including, among other things, stadiums, tents, trailers (whether movable or stationary), reviewing stands, platforms, porches, staging, observation towers, radio and television towers and antenna, gasoline pumps, standpipes, outside bins, pools, walls, fences, trellises, pergolas, gates, and gate posts, signs, paved driveways and paved walks, transmission lines, towers and poles. The word 'structure' shall be construed as though followed by the words 'or part thereof.'" (Village of Old Westbury, Building Zone Ordinance, § 200, subd 30 [1973].) Although not mentioned by either party, we note that the ordinance has since been amended to specifically include a "tennis court" within the definition of a "structure" (Village of Old Westbury, Building Zone Ordinance, § 200, subd 30 [as amd Jan. 21, 1980]). Following the familiar precept that this court must apply an ordinance as it now exists (see *Matter of C & S Golf & Country Club Corp. v Stevens,* 60 AD2d 841, 842, mot for lv to app den 45 NY2d 706; *Matter of Atlantic Beach Towers Constr. Co. v Michaelis,* 21 AD2d 875, 876), it follows *ex necessitate* that a tennis court must now be considered to be a "structure" for purposes of the rear yard coverage provision. In addition, we would reach the same result even under the earlier version of the ordinance, for while a "tennis court" was not *specifically* included within the prior definition, the board's construction of that ordinance so as to include an asphalt tennis court was not unreasonable and should therefore be sustained. Thus, the phrase "among other things" following the word "including," in our view, denotes a legislative intent that the list of "structures" incorporated into the ordinance be considered as merely illustrative and that additional, similar objects were meant to be included therein (cf. *Red Hook Cold Stor. Co. v Department of Labor of State of N. Y.,* 295 NY 1, 8). Here, the specific inclusion of such items as "paved driveways" and "paved walks" within the definition of "structure" bespeaks a legislative intent that the term shall apply to any construction which covers the ground with a hard, horizontal surface and that it is not to be restricted (as petitioner contends) to objects having a substantial vertical dimension. (We note that the ordinance has not been assailed as being overly broad.) Moreover, such an interpretation does not do violence to the rule that zoning regulations must be strictly construed in favor of the property owner (see, e.g., *Matter of Off Shore Rest. Corp. v Linden,* 30 NY2d 160). Finally, while a variety of cases both in New York and other jurisdictions have involved the question of whether a tennis court may properly be considered a "structure" (with varying results), a review of those cases has led us to conclude that the ultimate determination rests on the language of the particular ordinance being construed (see *Crane v Bitterman,* 55 AD2d 669; *Incorporated Vil. of Hewlett Harbor v Spiegel,* NYLJ, June 4, 1975, p 21, col 8; *Matter of Davidson,* NYLJ, Nov. 5, 1975, p 10, col 3; *Gasparini v Sincero,* NYLJ, July 12, 1978, p 15, col 5; *Matter of Paseltiner,* NYLJ, Sept. 20, 1978, p 15, col 2; *Williams v Inspector of Bldgs. of Belmont,* 341 Mass 188; *Hardy v Calhoun,* 383 SW2d 652 [Tex]; *Jones v Zoning Hearing Bd.,* 7 Pa Commonwealth Ct 284; *Klein v Township of Lower Macungie,* 39 Pa Commonwealth

Ct 81, 395 A2d 609; see, also, Abrams & Pellicane, Zoning Ordinance—Is Tennis Court a Structure?, NYLJ, Oct. 18, 1978, p 6, col 1). With this in mind, we hold that under either version of the ordinance, a tennis court may properly be considered a "structure". Mangano, J. P., Gibbons, Rabin and Gulotta, JJ., concur.