■ In the Matter of MARVIN H. GREENE, Appellant, v ROBERT JOHNSON et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, the members of the Zoning Board of Appeals of the Town of Blooming Grove, dated March 14, 1984, which denied the petitioner's application for a variance, the appeal is

from a judgment of the Supreme Court, Orange County (Delaney, J.), entered November 20, 1984, which dismissed the proceeding.

Judgment reversed, on the law, without costs or disbursements, determination annulled, and petition granted to the extent that the matter is remitted to the respondents for reconsideration and the making of findings of fact in accordance herewith, in proper form, with leave to the parties to present such other and further proof as they may be advised.

After the Building Inspector of the Town of Blooming Grove denied his application for a permit to perform certain alterations upon multiple dwellings located at the Lake Anne Country Club, the petitioner ostensibly sought both administrative review of the building inspector's determination and, if that determination was upheld, a variance. The respondents denied the application for a variance on the basis that the requisite hardship was not established. However, they apparently made no determination that a variance was indeed required. That is, they did not specifically uphold the building inspector's determination that the proposed construction constituted an enlargement or extension of the admittedly nonconforming use. There being no findings of fact by the respondents in this regard, intelligent judicial review of that issue has been foreclosed (see, Matter of Kadish v Simpson, 55 AD2d 911; Matter of Seaford Jewish Center v Board of Zoning Appeals, 48 AD2d 686). Therefore, the matter is remitted to the respondents, who are directed to make findings of fact with regard to the issue of whether the construction proposed by the petitioner constitutes an enlargement or extension of a nonconforming use, after the parties are given the opportunity to present other and further proof, if they be so advised. Gibbons, J. P., Brown, Weinstein and Kooper, JJ., concur.