■ WALTER W. TRODE, Doing Business as W. T. CONSTRUC- TION AND COMPANY, Respondent, v CONTINENTAL WAREHOUS- ING, INC., et al., Appellants.—Judgment unanimously affirmed without costs for reasons stated at Supreme Court, Aronson, J.H.O. (Appeal from judgment of Supreme Court, Onondaga County, Aronson, J.H.O.—foreclose mechanic's lien.) Present— Dillon, P. J., Doerr, Green, Pine and Lawton, JJ.

■ CAROLYN H. LEIBRING et al., Appellants, v PLANNING BOARD OF THE TOWN OF NEWFANE, Respondent.—Judgment unanimously reversed on the law with costs, determination annulled and matter remitted to respondent Board, for fur- ther proceedings, in accordance with the following memoran- dum: Petitioners commenced this CPLR article 78 proceeding to annul the Planning Board's decision to grant a special use permit for the operation of a mobile home park on Bixler Road. In its decision to grant the permit, the Board makes only conclusory statements which merely restate the statutory requirements. These statements fail to provide the factual basis for the Board's decision and foreclose intelligent judicial review (2 Anderson, New York Zoning Law and Practice §§ 24.25, 25.32 [3d ed]; *Matter of Greene v Johnson,* 121 AD2d 632, 633; *Matter of Kadish v Simpson,* 55 AD2d 911). There- fore, the matter is remitted to respondent, which is directed to set forth the factual basis for its decision.

Further, the Board's determination of environmental non- significance is merely a conclusory statement without a rea- soned elaboration of its basis *(see, Matter Tehan v Scrivani,* 97 AD2d 769, 771). On remittal, the Board shall provide a rea- soned elaboration for its environmental determination.

We further find that the Board went beyond the scope of its authority in granting, as part of this special use permit, the unrestricted commercial sale of mobile homes at this facility because this activity does not constitute "appurtenant facili- ties and accessory services for residents only" (Town of New- fane Zoning Ordinance § 2-2-45). (Appeal from judgment of Supreme Court, Niagara County, Koshian, J.—art 78.) Present —Dillon, P. J., Doerr, Green, Pine and Lawton, JJ.