■ PHILIP J. SANZONE et al., Respondents-Appellants, v CITY OF ROME et al., Appellants-Respondents.—

Supreme Court noted in its decision that the Commission "made no actual findings when rendering their decision". The court, however, concluded that "the complete record herein makes clear the reasons for their determinations, and recognizing this, this Court looks beyond mere procedural grounds in reaching its decision that the determinations of the respondents should be reversed." That was error.

We agree that the record does not set forth sufficient factual bases for the Commission's decision and thus forecloses intelligent judicial review (see, Leibring v Planning Bd., 144 AD2d 903; see also, 2 Anderson, New York Zoning Law and Practice §§ 24.25, 25.32 [3d ed]). The letter from City Planner Larrabee to Sanzone, which purports to set forth the reasons for the Commission's denial, contains only conclusions rather than the factual basis for the Commission's decision. Thus, the matter must be remitted to respondent Commission to make appropriate findings of fact with respect to the basis for its decision.

Moreover, we note that the court's decision annulling the Zoning Board's determination is flawed. The Zoning Board denied petitioner's application for a variance eliminating any parking requirements. The court did not specifically address whether the Board properly denied that application. Essentially, the court concluded that, since the Commission's decision was arbitrary and capricious, denial of an area variance to implement petitioners' proposal was similarly arbitrary and capricious. The court then determined that the Board should have granted petitioner a limited area variance for 18 parking spaces, a matter which was not before the Board. Thus, the court's annulment of the Zoning Board's decision was predicated on an issue that was not before the Board and must be set aside.

In view of this determination, we do not address petitioners' cross appeal concerning their entitlement to damages for a constructive taking of their property. (Appeal from judgment of Supreme Court, Oneida County, Shaheen, J.—art 78.) Present—Callahan, J. P., Denman, Green, Balio and Lawton, JJ.