■ In the Matter of NICHOLAS MORRONE et al., Appellants, v ROGER H. BENNETT et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Standards and Appeals of the City of New York, dated April 12, 1988, which denied the petitioners' application for a use variance, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Williams, J.), entered December 8, 1988, which dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the determination is annulled, and the petition is granted to the extent that the matter is remitted to the respondent Board of Standards and Appeals of the City of New York for reconsideration and the making of findings of fact in proper form, with leave to the parties to present other and further proof if they be so advised.

The petitioners operate a restaurant/bar with limited cabaret use in the subject property which is located in a C1-2 commercial district mapped within an R6 residential district in the Bayridge special zoning district. The property has already received two prior use variances to extend and develop the business. The present variance application was to structurally alter the existing property in order to expand its eating facilities.

In support of their application for a use variance, the petitioners submitted a financial analysis showing that the existing return on equity capital with the legal nonconforming use is 8%.

The Board of Standards and Appeals (hereinafter the Board) denied the variance application, stating that the financial information provided by the petitioners failed to substantiate that a reasonable return could not be achieved without an additional variance, and that they had failed to demonstrate that the existing legal nonconforming use was not capable of relieving the alleged hardship. Accordingly, the Board concluded that it was unable to make statutory findings (b) and (e) enumerated in New York City Zoning Resolution § 72-21 (i.e., that the variance was necessary for the owners to realize a reasonable return and that the present application represented the minimum variance necessary to afford relief).

On this appeal the petitioners allege, *inter alia,* that their financial analysis unequivocally satisfies finding (b), as the existing 8% return on equity is a lower return than is paid on a government-secured stock investment. Thus, the petitioners claim that the Board's denial of their application was arbitrary and capricious. In response, the Board, *inter alia,* contends that the financial analysis was based on erroneous comparison figures and that the current return on equity is considerably more than the alleged 8%. Alternatively, it claims that an 8% return is not unreasonable, and that no variance is necessary.

However, we are unable to resolve these conflicting arguments on the present state of the record. In its resolution the Board made only conclusory statements, which in effect, merely restated the statutory requirements and failed to set forth the factual bases and calculations for its determination denying the application. Thus, it is unclear whether the Board rejected the petitioners' financial analysis itself as failing to substantiate the hardship claim, or whether the Board determined that an 8% return on equity was not an unreasonable

return. This lack of clarity constitutes a failure to specify factual support for the determination and forecloses intelligent judicial review of the issues raised by the parties on appeal *(see, Leibring v Planning Bd.,* 144 AD2d 903; *Matter of Greene v Johnson,* 121 AD2d 632; *Matter of Farrell v Board of Zoning & Appeals,* 77 AD2d 875; *Matter of Kadish v Simpson,* 55 AD2d 911).

Therefore, the matter is remitted to the Board for reconsideration of the application and the making of specific factual findings in proper form, including a discussion of all five requirements set forth in New York City Zoning Resolution § 72-21. Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.