■ In the Matter of JAMES LEMAN et al., Petitioners, v KIERAN QUINN et al., Respondents.—Proceeding pursuant to Public Officers Law §§ 3 and 36 to remove the Mayor and four trustees of the Village of Nyack from office based on their purported violation of the Municipal Home Rule Law in passing Local Laws, 1990, Nos. 6 and 7 of the Village of Nyack, which, *inter alia,* abolished the Police Department and Office of Assessor of the Village of Nyack, in which the respondents have moved to dismiss the proceeding.

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, with costs.

We note initially that the petitioners are not residents of the Village of Nyack and thus lack standing to bring this proceeding *(see, Matter of Citizens Council v Moore,* 55 AD2d 911). In any event, there is no merit to the petitioners' claim that the village officials acted in violation of the Municipal Home Rule Law in enacting Local Laws, 1990, Nos. 6 and 7 of the Village of Nyack. Indeed, those officials were clearly authorized by Village Law § 8-800, to enact Local Law, 1990, No. 6 of the Village of Nyack, abolishing the Police Department. Moreover, the officials properly followed the provisions set forth in Village Law §§ 9-900 and 9-902 with regard to holding a referendum. Since, pursuant to Village Law § 3-301 (2) (b), a village is not required to have an assessor, the enactment of Local Law, 1990, No. 7 of the Village of Nyack, *inter alia,* abolishing that office, was also proper. Mangano, P. J., Thompson, Bracken, Brown and Kunzeman, JJ., concur.