■ In the Matter of THOMAS TOBIN et al., Respondents-Appellants, v BOARD OF ZONING AND APPEALS OF THE INCORPORATED VILLAGE OF MANORHAVEN, Appellant-Respondent. [744 NYS2d 449] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning and Appeals of the Incorporated Village of Manorhaven, dated May 15, 2000, which granted a special use permit and certain variances requested by a nonparty, Sagamore Properties, LLC, the Board of Zoning and Appeals of the Incorporated Village of Manorhaven appeals from so much of a judgment of the Supreme Court, Nassau County (DeMaro, J.), dated March 14, 2001, as annulled that portion of its determination which granted the special use permit, and the petitioners cross-appeal from so much of the same judgment as failed to annul so much of the determination as granted certain area variances to Sagamore Properties, LLC.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

The property of the applicant, Sagamore Properties, LLC (hereinafter Sagamore), is located in an I-3 district in the Village of Manorhaven. As a landowner in the I-3 district, Sagamore and its tenants are permitted, inter alia, to conduct "[a]uto, truck and vehicle parts, repair and body work, with a special use permit from the Board of Zoning and Appeals, excluding dismantling and parts storage and sales" (Manorhaven Village Code § 155-24 [C]). The Board of Zoning and Appeals of the Incorporated Village of Manorhaven (here-

inafter the Board) granted Sagamore a special use permit allowing its prospective tenant to conduct certain specified manufacturing activities on its premises.

Contrary to the Board's contention, it did not have the authority to grant a special use permit to Sagamore's prospective tenant because the manufacturing activity which the prospective tenant proposed did not fall within the special use activities contemplated by the use of the term "repair" as contained in the Manorhaven Village Code (Manorhaven Village Code § 155-24 [C]; *Matter of Hartnett v Segur,* 21 AD2d 132; *Matter of Von der Heide v Zoning Bd. of Appeals of Town of Somers,* 204 Misc 746; *affd* 282 App Div 1076; *see also Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238). Additionally, the Supreme Court properly declined to confirm the Board's determination with regard to the activities in which Sagamore's tenant proposed to engage, because the Board failed to set forth the facts upon which it made its determination, and mere conclusory statements without any findings of fact are insufficient (*see Matter of Morrone v Bennett,* 164 AD2d 887; *Matter of Kadish v Simpson,* 55 AD2d 911).

In light of our determination, we need not reach the parties' remaining contentions. Smith, J.P., Friedmann, Schmidt and Townes, JJ., concur.