■ In the Matter of GABRIELLE REALTY CORP., Respondent, v BOARD OF ZONING APPEALS OF VILLAGE OF FREEPORT, Appellant. [808 NYS2d 258]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Village of Freeport, dated October 15, 2003, which, after a hearing, denied the petitioner's application for certain area variances, the appeal is from a judgment of the Supreme Court, Nassau County (Jonas, J.), dated March 12, 2004, which granted the petition, annulled the determination, and directed that the variances be issued.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing that the variances be issued, and substituting therefor a provision remitting the matter to the respondent Board of Zoning Appeals of the Village of Freeport for a new determination and to set forth findings of fact in accordance herewith; as so modified, the judgment is affirmed, without costs or disbursements.

"Conclusory findings of fact are insufficient to support a determination by a zoning board of appeals, which is required to clearly set forth 'how' and 'in what manner' the granting of a variance would be improper" (*Matter of Farrell v Board of Zoning & Appeals of Inc. Vil. of Old Westbury,* 77 AD2d 875, 876 [1980]; see also *Human Dev. Servs. of Port Chester v Zoning Bd. of Appeals of Vil. of Port Chester,* 110 AD2d 135 [1985], *affd* 67 NY2d 702 [1986]; *Matter of Tobin v Board of Zoning & Appeals*

*of Inc. Vil. of Manorhaven*, 295 AD2d 524 [2002]). The Board of Zoning Appeals of the Village of Freeport (hereinafter the Board) failed to set forth the specific factual support in the record upon which it relied in denying the petitioner's application for area variances. Accordingly, we remit the matter to the Board so that it may set forth factual findings in proper form, including a discussion of all five requirements set forth in Village Law § 7-712-b (3) (b) (*see Matter of Morrone v Bennett*, 164 AD2d 887 [1990]; *Leibring v Planning Bd. of Town of Newfane*, 144 AD2d 903 [1988]; *Matter of Greene v Johnson*, 121 AD2d 632 [1986]; *Matter of Kadish v Simpson*, 55 AD2d 911 [1977]).

In light of our determination, we need not reach the parties' remaining contentions. Adams, J.P., Luciano, Skelos and Lifson, JJ., concur.