■ In the Matter of NESTOR CACSIRE et al., Appellants, v CITY OF WHITE PLAINS ZONING BOARD OF APPEALS, Respondent. [930 NYS2d 54]—

In 1993, the petitioners, Nestor Cacsire and Justina Chuquitaype, bought real property in the City of White Plains that included a house that was being used as a two-family residence at the time of purchase. The house was built in about 1904 and was located in a residential neighborhood zoned for one- and two-family houses. The petitioners intended to use the property as an investment by renting the two apartments in the house. In the real estate listings, the house was referred to as a two-family dwelling, and it was similarly described on the petitioners' residential contract of sale. Moreover, the issuance of a mortgage to the petitioners was conditioned upon the property's use as a legal two-family dwelling.

The petitioners hired an attorney to handle the real estate transaction. The title report included a certificate of occupancy search wherein the City's Department of Buildings (hereinafter the DOB) advised that no certificate of occupancy had been issued for the house, which was built prior to the 1927 enactment of the certificate of occupancy regulations. The certificate of occupancy search also revealed that the property was classified by the City for tax purposes as a two-family dwelling. Based on the title report and the property's tax classification, the petitioners, their real estate attorney, and their mortgagee believed that the property was a legal two-family dwelling in a neighborhood that was zoned for one- and two-family residences.

In 2002, after renting the property out as a two-family house and paying taxes on it as such for approximately nine years, the petitioners applied to the DOB for permits to renovate the upstairs kitchen, which they received. The project cost the petitioners approximately $10,000. Upon completion of the renovation, however, the DOB refused to issue certificates of completion for the work, informing the petitioners, for the first time, that there was a "non-consistency with [its] records in regards to the classification of the property." The DOB informed the petitioners that if they "desire[d] a two-family occupancy, a design and application for change of use ha[d] to be approved including a zoning variance." Thus, unless the petitioners obtained six area variances required for the property's legal use as a two-family dwelling, the second floor apartment had to be removed and the premises converted back into a one-family dwelling.

The petitioners applied for the requisite six area variances, but the City of White Plains Zoning Board of Appeals (hereinafter the ZBA) denied the petitioners' application, finding, inter alia, that the proposed variances were substantial, would produce an undesirable change in the character of the neighborhood, would result in a detriment to the health, safety, and general welfare of the community, and that the petitioner's hardship was self-created. The petitioners thereafter commenced this CPLR article 78 proceeding, contending that the ZBA's determination to deny their application for the area variances lacked a rational basis, and was arbitrary and capricious. The Supreme Court denied the petition and dismissed the proceeding. We reverse.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 771 [2005]). Thus, the determination of a zoning board should be sustained upon judicial review if it is not illegal, has a rational basis, and is not arbitrary and capricious (see Matter of Sasso v Osgood, 86 NY2d 374, 385 [1995]). "Conclusory findings of fact are insufficient to support a determination by a zoning board of appeals, which is required to clearly set forth 'how' and 'in what manner' the granting of a variance would be improper" (Matter of Gabrielle Realty Corp. v Board of Zoning Appeals of Vil. of Freeport, 24 AD3d 550, 550 [2005] [some internal quotation marks omitted], quoting Matter of Farrell v Board of Zoning & Appeals of Inc. Vil. of Old

*Westbury*, 77 AD2d 875, 876 [1980]). Likewise, a determination will not be deemed rational if it rests entirely on subjective considerations, such as general community opposition, and lacks an objective factual basis (*see Matter of Halperin v City of New Rochelle*, 24 AD3d at 772). Courts may set aside a zoning board determination where the record reveals that the "board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]).

Pursuant to Town Law § 267-b (3), which sets forth the same standards as General City Law § 81-b as enacted by the City of White Plains, when determining whether to grant an application for an area variance, a zoning board must weigh the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612). This inquiry also includes a consideration of whether (1) granting the area variance will produce an undesirable change in the character of the neighborhood or a detriment to nearby properties; (2) the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than an area variance; (3) the requested area variance is substantial; (4) granting the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]; General City Law § 81-b [4] [b]; *Matter of Sasso v Osgood*, 86 NY2d at 382; *Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 928-929 [2007]).

Here, although the ZBA rationally concluded that the requested variances were substantial, there was no evidence before the ZBA to show that the granting of the variances would have an undesirable effect on the character of the neighborhood, adversely impact physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (*see Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 38 AD3d 545, 547 [2007]; *Matter of Beyond Bldrs. Inc. v Pigott*, 20 AD3d 474, 475 [2005]). These determinations by the ZBA were wholly lacking in any evidentiary support and lacked a rational basis. To the contrary, the record indicated that the property owned by the petitioners had been used by its residents and taxed by the City as a two-family dwelling for over 50 years. The record showed that granting the variances would not result

in an increase in congestion, traffic, and population to the neighborhood. In fact, many of the properties surrounding the petitioners' property had similar dimensions and physical characteristics and contained two-family dwellings, and there was no community opposition to the petitioners' application.

Moreover, contrary to the ZBA's determination that the petitioners' hardship was self-created, the record showed that the petitioners reasonably believed that the property was legally being used as a two-family residence at the time of purchase and, moreover, that they would suffer great financial hardship if the area variances were not granted. The property was located in an area zoned for one- and two-family houses, was being taxed by the City as a two-family house, and did not have a certificate of occupancy because the house was built before such certificates were issued. Based on a review of the record before the ZBA, its determination that the petitioners' hardship was self-created lacked a rational basis, and was arbitrary and capricious.

In sum, the record does not contain sufficient evidence to support the rationality of the ZBA's determinations denying the proposed area variances (compare Matter of Ifrah v Utschig, 98 NY2d at 308; Matter of JSB Enters., LLC v Wright, 81 AD3d 955, 957 [2011]). Since the ZBA's determination was irrational and arbitrary and capricious, the Supreme Court should have granted the petition, annulled the ZBA's determination, and remitted the matter to the ZBA for the issuance of the variances. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.