■ In the Matter of VESNA LUBURIC, Respondent, v ZONING BOARD OF APPEALS OF VILLAGE OF IRVINGTON, Appellant. [966 NYS2d 440]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Irvington dated February 4, 2011, which denied the petitioner's application for a site capacity variance to permit her to build a single-family residential dwelling on certain real property, the Zoning Board of Appeals of the Village of Irvington appeals from a judgment of the Supreme Court, Westchester County (Warhit, J.), entered November 22, 2011, which granted the petition, annulled the determination, and remitted the matter to the Zoning Board of Appeals of the Village of Irvington to grant the requested variance.

Ordered that the judgment is affirmed, with costs.

Generally, local zoning boards have broad discretion in deciding applications (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach*, 79 AD3d 874, 876 [2010]). "Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613). "[A] determination will not be deemed rational if it rests entirely on subjective considerations, such as general community opposition, and lacks an objective factual basis" (*Matter of Cacsire v City of White Plains Zoning Bd. of Appeals*, 87 AD3d 1135, 1137 [2011]). "Conclusory findings of fact are insufficient to support a determination by a zoning board of appeals, which is required to clearly set forth how and in what manner the granting of a variance would be improper" (*Matter of Gabrielle Realty Corp. v Board of Zoning Appeals of Vil. of Freeport*, 24 AD3d 550, 550 [2005] [internal quotation marks omitted]).

Here, the Supreme Court properly annulled the determination of the Zoning Board of Appeals of the Village of Irvington (hereinafter the ZBA), which denied the petitioner's second application for a site capacity variance needed to construct a single-family residence on the vacant lot she owned (hereinafter the subject property). Although the dismissal of the petitioner's appeal from the judgment in a previous CPLR article 78 proceeding constituted an adjudication on the merits with respect to the ZBA's findings that the petitioner's requested variance was substantial and her hardship was self-created (*see Catalanotto v Abraham*, 94 AD3d 937, 937 [2012]; *Deutsche Bank Natl. Trust Co. v Posner*, 89 AD3d 674, 675 [2011]; *Auriemmo v Auriemmo*, 87 AD3d 1090, 1091 [2011]), the record before us does not support the ZBA's determination that granting the petitioner's second application would produce an undesirable change in the neighborhood and have a negative impact on the surrounding physical and environmental conditions, or that feasible alternatives to granting a site capacity variance might exist.

On the contrary, the record reveals that, after approximately three years of, inter alia, working with the Village of Irvington Planning Board (hereinafter the Planning Board), engaging in public hearings, and consulting with various experts, the petitioner obtained the requisite permit approval to build on the subject property if certain conditions were met. The Plan-

ning Board, as the lead agency under the State Environmental Quality Review Act (hereinafter SEQRA), issued a "Conditional Negative Declaration," concluding that, so long as certain conditions were met, the proposed construction would not have a significant adverse effect on the environment. Despite the Planning Board's extensive environmental review of the petitioner's plans, the ZBA concluded that the petitioner's proposed construction would have an adverse impact on the physical or environmental conditions of the neighborhood because the conditions imposed by the Planning Board were "impractical" and "implausible." However, given the Planning Board's role in addressing environmental concerns (*cf. Matter of Thorne v Village of Millbrook Planning Bd.*, 83 AD3d 723, 725 [2011]), and in the absence of any further evidence to support its conclusion, the ZBA's finding on this factor lacked a rational basis.

Likewise, the ZBA's determination that the petitioner's proposed construction would produce an undesirable change in the neighborhood did not have a rational basis in the record. Aside from the site capacity variance needed to build any structure on the subject property, the plans submitted by the petitioner with her first application to the ZBA were in compliance with all applicable zoning codes for single-family dwellings. After her first application was denied, the petitioner addressed the ZBA's concerns by submitting new plans for a smaller house with a redesigned roof. The ZBA summarily dismissed these proposed changes as not "dramatic enough," citing, inter alia, an advisory opinion issued by the Planning Board, which characterized the petitioner's altered plans as a "modest revision." However, the Planning Board's advisory opinion made this assessment of the petitioner's altered plans in connection with construction and post-construction activities on the subject property, not as they related to the character of the neighborhood. Indeed, in her altered plans, the petitioner, inter alia, reduced the house's floor area ratio from 4,163 square feet to 3,484.9 square feet and the lot coverage from 2,100 square feet to 1,741 square feet. Furthermore, the ZBA's denial of the petitioner's second application for a site capacity variance failed to address the factor of feasible alternatives.

Overall, the record does not contain sufficient factual and objective evidence to support the rationality of the ZBA's determinations denying the petitioner's application for a site capacity variance (*see Matter of Cacsire v City of White Plains Zoning Bd. of Appeals*, 87 AD3d 1135 [2011]; *cf. Matter of Ifrah v Utschig*, 98 NY2d 304 [2002]). Accordingly, the Supreme Court properly concluded that the ZBA's determination was arbitrary

and capricious, annulled the determination, and remitted the matter to the ZBA to issue the requested variance.

In light of our determination, we need not reach the parties' remaining contentions. Rivera, J.P., Dickerson, Leventhal and Roman, JJ., concur.