■ In the Matter of MARINA'S EDGE OWNER'S CORP., Appellant, v CITY OF NEW ROCHELLE ZONING BOARD OF APPEALS, Respondent. [11 NYS3d 232]—

In a proceeding pursuant to CPLR article 78 to review a determination of the City of New Rochelle Zoning Board of Appeals dated May 8, 2012, denying, after a hearing, the petitioner's application for an area variance, the petitioner ap-

peals from a judgment of the Supreme Court, Westchester County (Lorenzo, J.), entered July 27, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination of the City of New Rochelle Zoning Board of Appeals dated May 8, 2012, is annulled, and the matter is remitted to the City of New Rochelle Zoning Board of Appeals for the issuance of the requested area variance.

The petitioner is a cooperative corporation which owns a 211-unit building located in New Rochelle. There currently are 160 on-site parking spaces for the cooperative owners. The petitioner also owns an unimproved lot adjacent to the building on which it is seeking to construct a parking lot with an additional 28 parking spaces. The lot is located in a two-family residential zoning district, which provides for a maximum of four off-street parking spaces. The lot is currently surrounded by an eight-foot fence that blocks ground-level water views of the Long Island Sound and is used for the permitted off-street parking. The petitioner's building permit application to construct its proposed parking facility on the lot was denied on the basis that it would violate the zoning code, and the petitioner subsequently applied for an area variance.

After a hearing, the City of New Rochelle Zoning Board of Appeals (hereinafter the ZBA) denied the variance application, finding, inter alia, that "the requested variance would cause an undesirable change in the character of the surrounding area and cause negative aesthetic and visual impact on nearby properties." Thereafter, the petitioner commenced this CPLR article 78 proceeding to review the ZBA's determination. The Supreme Court denied the petition and dismissed the proceeding, concluding that the ZBA determination was neither arbitrary and capricious nor irrational. We reverse.

Local zoning boards have broad discretion in considering an application for a variance, and judicial review is limited to ascertaining whether the determination of the board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). A determination will not be deemed rational if it rests entirely on subjective considerations, such as general community opposition, and lacks an objective factual basis (*see Matter of Halperin v City of New Rochelle*, 24 AD3d at 772). Further, "[c]onclusory findings of fact are insufficient to support a determination by a zoning board of appeals, which is required to clearly set forth

'how' and 'in what manner' the granting of a variance would be improper" (*Matter of Gabrielle Realty Corp. v Board of Zoning Appeals of Vil. of Freeport*, 24 AD3d 550, 550 [2005], quoting *Matter of Farrell v Board of Zoning & Appeals of Inc. Vil. of Old Westbury*, 77 AD2d 875, 876 [1980]).

Pursuant to General City Law § 81-b, in determining whether to grant an application for an area variance, a zoning board must weigh the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612 [2004]). This inquiry also includes a consideration of whether (1) granting the area variance will produce an undesirable change in the character of the neighborhood or a detriment to nearby properties; (2) the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than an area variance; (3) the requested area variance is substantial; (4) granting the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) the alleged difficulty was self-created (*see* General City Law § 81-b [4] [b]; *Matter of Sasso v Osgood*, 86 NY2d 374, 382 [1995]; *Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 928-929 [2007]).

Here, while it was rational for the ZBA to conclude that the requested variance was substantial, its determination to deny the variance was otherwise conclusory and lacked an objective factual basis. In particular, no evidence was adduced which demonstrated that the health, safety, and welfare of the neighborhood or community would be detrimentally affected by the granting of the requested variance (*see Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 38 AD3d 545, 547 [2007]; *Matter of Beyond Bldrs. Inc. v Pigott*, 20 AD3d 474, 475 [2005]). Rather, the ZBA was merely presented with the subjective objections and general community opposition of neighboring property owners, most of whom expressed their subjective opinions as to the negative aesthetics of a parking lot. Further, the ZBA did not provide an objective basis upon which to conclude that the petitioner had a feasible alternative to the requested variance, and there was no evidence that the situation was self-created. In light of the current condition of the property, the legality of using the lot as a small parking lot, and the fact that the lot is fenced so as to block ground-level water views, the ZBA failed to explain how the expansion of the number of spaces in the lot would change the character of the neighborhood.

Accordingly, the record does not contain sufficient evidence to support the rationality of the ZBA's determination denying the proposed area variance (*see Matter of Cacsire v City of White Plains Zoning Bd. of Appeals*, 87 AD3d 1135 [2011]; *cf. Matter of Ifrah v Utschig*, 98 NY2d at 308). Since the ZBA's determination was irrational and arbitrary and capricious, the Supreme Court should have granted the petition, annulled the ZBA's determination, and remitted the matter to the ZBA for the issuance of the requested area variance. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.