■ In the Matter of LEONARD S. AMDURER et al., Respondents, v VILLAGE OF NEW HEMPSTEAD ZONING BOARD OF APPEALS, Respondent, and BINYAMIN AMONA, Appellant. [45 NYS3d 186]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village of New Hempstead Zoning Board of Appeals dated January 15, 2014, which, after a hearing, granted the application of Binyamin Amona for area variances, Binyamin Amona appeals from a judgment of the Supreme Court, Rockland County (Alfieri, J.), dated September 19, 2014, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs.

On January 15, 2014, after a hearing, the Village of New Hempstead Zoning Board of Appeals (hereinafter the Zoning Board) approved the application of Binyamin Amona for area variances. These variances permitted him to subdivide a parcel he owned into two substandard lots, and to construct a two-family residence on each lot. In February 2014, the petitioners commenced this CPLR article 78 proceeding to review the Zoning Board's determination on the ground that it was arbitrary and capricious, because the Zoning Board failed to properly

distinguish the subject application from a substantially similar prior application, made as to the same parcel, which the Zoning Board had denied in 2010. The Supreme Court granted the petition and annulled the determination, and Amona appeals.

"A decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 516, 517 [1985]; *see Matter of Campo Grandchildren Trust v Colson*, 39 AD3d 746 [2007]; *Matter of Civic Assn. of Setaukets v Trotta*, 8 AD3d 482, 483 [2004]). Where it is shown that a zoning board has reached contrary results on substantially similar facts, an explanation is required (*see Matter of 194 Main, Inc. v Board of Zoning Appeals for Town of N. Hempstead*, 71 AD3d 1028 [2010]; *Matter of Nozzleman 60, LLC v Village of Cold Spring Zoning Bd. of Appeals*, 34 AD3d 682, 683 [2006]). Here, the Zoning Board's failure to set forth a factual basis as to why it was departing from its prior precedent rendered its determination arbitrary and capricious (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d at 516). Accordingly, the Supreme Court properly granted the petition and annulled the determination. Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.