Matter of Simon v Englert (2020 NY Slip Op 04171)





Matter of Simon v Englert


2020 NY Slip Op 04171


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-07927
2017-09483
 (Index No. 30010/17)

[*1]In the Matter of Claude Simon, respondent,
v
Thomas Englert, etc., et al., appellants.


Mann, Mann & Lewis, P.C., Nyack, NY (Robert P. Lewis, Jr., of counsel), for appellants.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Upper Nyack dated November 15, 2016, which, inter alia, after a hearing, denied the petitioner's application for certain area variances, the appeals are from (1) an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated June 29, 2017, and (2) a judgment of the same court dated August 7, 2017. The judgment dated August 7, 2017, upon the order dated June 29, 2017, insofar as appealed from, granted the amended petition and remanded the matter to the Zoning Board of Appeals of the Village of Upper Nyack to grant the petitioner's application for certain area variances.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from, without costs or disbursements.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
By determination dated November 15, 2016, the Zoning Board of Appeals of the Village of Upper Nyack (hereinafter the ZBA), inter alia, denied five area variances the petitioner requested as part of his application to subdivide his real property. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review that determination. The Supreme Court, among other things, granted his amended petition and remanded the matter to the ZBA to grant the petitioner's application for those area variances. The ZBA appeals.
" Local zoning boards have broad discretion in . . . applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion'" (Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509, quoting Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d 949, 949). A zoning board's determinations "will be sustained if they have a rational basis [*2]in the record" (Matter of White Plains Rural Cemetary Assn. v City of White Plains, 168 AD3d 1068, 1070). In determining whether to grant an area variance, a zoning board of appeals must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (see Village Law § 7-712-b[3][b]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612-613). "[A] determination will not be deemed rational if it rests entirely on subjective considerations, such as general community opposition, and lacks an objective factual basis" (Matter of Cacsire v City of White Plains Zoning Bd. of Appeals, 87 AD3d 1135, 1137).
Here, the petitioner spent more than one year revising his proposal and developing an evidentiary record addressing issues identified by the Village of Upper Nyack Planning Board (hereinafter the Planning Board). At the ZBA's request, the Planning Board, as the lead agency under the State Environmental Quality Review Act (ECL art 8), directed the petitioner to complete additional forms and address specific issues of concern to the ZBA, including whether the proposal would negatively impact views from neighboring properties and views of the neighborhood from the Hudson River. The Planning Board ultimately issued a negative declaration upon its conclusion that the proposal would not have a significant adverse impact on the environment. Despite the Planning Board's extensive environmental review of the petitioner's proposal, including its review of the possible impairment of the character and aesthetic resources of the existing neighborhood (see 6 NYCRR 617.7[c][1][v]), the ZBA concluded that the area variances at issue in this appeal were substantial, and that granting them would produce an undesirable change in the character in the neighborhood. The ZBA did not explain its departure from the Planning Board's determinations (see Matter of Luburic v Zoning Bd. of Appeals of Vil. of Irvington, 106 AD3d 824, 826). Moreover, the additional evidence before the ZBA, consisting of the claims of ZBA members and the petitioner's neighbors that the variances at issue would adversely impact views and property values, were conclusory and uncorroborated by empirical data (see Matter of Marcello v Humenik, 222 AD2d 677, 678). The ZBA also provided no explanation for why it denied the petitioner's requests for frontage, side yard setback, and height variances, despite previously granting such variances to nearby property owners (see Matter of Amdurer v Village of New Hempstead Zoning Bd. of Appeals, 146 AD3d 878, 879).
Accordingly, we agree with the Supreme Court's determination that the ZBA's denial of five of the petitioner's requested area variances lacked a rational basis (see Matter of Kabro Assoc., LLC v Town of Islip Zoning Bd. of Appeals, 95 AD3d 1118, 1120).
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court