Matter of Mancuso v Zoning Bd. of Appeals of the Town of Mount Pleasant (2025 NY Slip Op 04479)

Matter of Mancuso v Zoning Bd. of Appeals of the Town of Mount Pleasant

2025 NY Slip Op 04479

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2024-04966
 (Index No. 65025/21)

[*1]In the Matter of Edward Mancuso, et al., appellants,
v
Zoning Board of Appeals of the Town of Mount Pleasant, respondent.

Phillip A. Grimaldi, Jr., Hawthorne, NY, for appellants.
Harris Beach Murtha Cullina, PLLC, White Plains, NY (Darius P. Chafizadeh, Christopher H. Feldman, and Michael Giacomo of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of the Town of Mount Pleasant dated August 12, 2021, as, after a hearing, denied so much of the petitioners' application as was for a street frontage variance, the petitioners appeal from a judgment of the Supreme Court, Westchester County (George E. Fufidio, Jr., J.), dated January 11, 2024. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, so much of the determination as denied so much of the petitioners' application as was for a street frontage variance is annulled, and the matter is remitted to the Zoning Board of Appeals of the Town of Mount Pleasant for a new determination and to set forth findings of fact with respect to so much of the petitioners' application as was for a street frontage variance.
The petitioner Edward Mancuso is the owner of certain real property located in a part of the Town of Mount Pleasant where the minimum street frontage width required is 25 feet. Mancuso engaged the petitioner Trevor Spearman, an architect, for the purpose of reconfiguring that property into three new lots. The petitioners sought to maintain the existing single-family home on one lot and build two new single-family homes on the other two lots. One of the new proposed lots, however, would only have a street frontage width of 18.05 feet and required a variance. The petitioners applied to the Zoning Board of Appeals of the Town of Mount Pleasant (hereinafter the Board) for a variance on the minimum street frontage requirement, among other things. After a hearing, the Board, inter alia, denied so much of the application as was for a street frontage variance.
The petitioners commenced this proceeding pursuant to CPLR article 78 to annul so much of the Board's determination as denied so much their application as was for a street frontage variance. In a judgment dated January 11, 2024, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioners appeal.
"Local zoning boards have broad discretion in considering variance applications, and judicial review is limited to determining whether the action taken by the board was affected by an error of law, arbitrary and capricious, or an abuse of discretion," based on the grounds invoked by the board in making its determination (Matter of Kreger v Town of Southold Zoning Bd. of Appeals, 230 AD3d 784, 784 [internal quotation marks omitted]; see Matter of Filipowski v Zoning Bd. of [*2]Appeals of Vil. of Greenwood Lake, 77 AD3d 831, 832). Where a variance is denied, a zoning board of appeals must "clearly set forth how and in what manner the granting of a variance would be improper" (Matter of Abbatiello v Town of N. Hempstead Bd. of Zoning Appeals, 164 AD3d 785, 786 [internal quotation marks omitted]; see Matter of Marina's Edge Owner's Corp. v City of New Rochelle Zoning Bd. of Appeals, 129 AD3d 841, 842-843).
Here, under the circumstances, the Board failed to sufficiently set forth the specific factual support in the record, or the specific findings, upon which it relied in denying the requested street frontage variance (see Matter of Margaritis v Zoning Bd. of Appeals of Inc. Vil. of Flower Hill, 32 AD3d 855, 856-857). Although at the hearing, certain Board members put on the record their individual grounds for denying a street frontage variance, the Board granted the request for an area variance for the same proposed lot, approving the three-lot subdivision. Thus, the record contains inconsistencies between the written determination and the hearing transcript with respect to the grounds for the Board's determination.
When the Supreme Court, in effect, affirmed the Board's denial of a street frontage variance, the court improperly "surmised or speculated as to how or why the board reached its determination" (Matter of 195 N. Vil. Ave., LLC v 195 Apts., Inc., 233 AD3d 671, 673-674 [alterations and internal quotation marks omitted]). Accordingly, absent adequate grounds to support the challenged determination, the judgment must be reversed and the matter remitted to the Board so that it may set forth factual findings in proper form (see id. at 673-674; Matter of Gabrielle Realty Corp. v Board of Zoning Appeals of Vil. of Freeport, 24 AD3d 550, 551).
In light of our determination, the parties' remaining contentions have been rendered academic.
MILLER, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court