■ Helen Gurman et al., Respondents, v Daphne M.N. Fotiades et al., Appellants. [900 NYS2d 904]—In an action to recover on two instruments for the payment of money only, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants separately appeal from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated September 5, 2008, which denied their motion to vacate a judgment of the same court (Klein, J.), entered August 13, 2003, which, upon an order dated June 5, 2002, granting the plaintiffs' motion for summary judgment, was in favor of the plaintiffs and against them in the principal sum of $20,000.

Ordered that the appeals are dismissed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

As a general rule, we do not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). While this Court possesses the discre-

tion to permit review in the interest of justice (*see Faricelli v TSS Seedman's*, 94 NY2d 772 [1999]; *Vecchio v Colangelo*, 274 AD2d 469 [2000]), such review should be exercised sparingly (*see Gammal v La Casita Milta*, 278 AD2d 364 [2000]). The defendants previously appealed from an order dated February 3, 2004, which denied a prior motion to vacate the judgment entered August 13, 2003. That appeal was dismissed by decision and order on motion of this Court dated November 3, 2004, for failure to prosecute in accordance with the rules of this Court, and that dismissal constituted an adjudication on the merits with respect to all issues which could have been reviewed on that appeal. We decline to exercise our discretion to determine the merits of the instant appeals, which raise the same issues as could have been raised on the prior appeal (*see Bray v Cox*, 38 NY2d 350 [1976]; *Blue Chip Mtge. Corp. v Strumpf*, 50 AD3d 936 [2008]; *Matter of Talt v Murphy*, 35 AD3d 486 [2006]; *Hepner v New York City Tr. Auth.*, 27 AD3d 418 [2006]). Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.