■ VICTORIA AURIEMMO, Appellant, v RICHARD AURIEMMO, Respondent. MICHAEL R. CURRAN, Nonparty Appellant. [930 NYS2d 221]—

"The trial court 'is vested with broad discretion in making an equitable distribution of marital property' (*Bossard v Bossard*, 199 AD2d 971, 971 [1993]), and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]). "Equitable distribution does not necessarily mean equal distribution" (*Michaelessi v Michaelessi*, 59 AD3d 688, 689 [2009]; *see McLoughlin v McLoughlin*, 74 AD3d 911, 914 [2010]). Here, the Supreme Court providently exercised its discretion in awarding the plaintiff 45% of the defendant's pension plans, and $55,656 from his deferred salary plan (*see Bernholc v Bornstein*, 72 AD3d 625, 628 [2010]). Moreover, contrary to the plaintiff's contention, the court providently exercised its discretion in awarding the defendant the sum of $150 in monthly child support (*see generally Kriftcher v Kriftcher*, 59 AD3d 392, 394 [2009]).

The plaintiff's argument, in effect, that she was entitled to interim maintenance for the period of June 28, 2004 through January 15, 2010, is not properly before this Court. Generally, "we do not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so" (*Gurman v Fotiades*, 73 AD3d 1126, 1126 [2010]; *see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). The plaintiff previously appealed from an order dated September 28, 2005, which denied her motion for pendente lite maintenance. That appeal was dismissed by decision and order on motion of this Court dated July 17, 2006, for failure to prosecute in accordance with the rules of this Court, and that dismissal constituted an adjudication on the merits with respect to all issues which could have been reviewed on that appeal (*see Bray v Cox*, 38 NY2d at 353; *Gurman v Fotiades*, 73 AD3d at 1127).

The plaintiff's contention that the Supreme Court erred in failing to direct the defendant to file a qualified domestic relations order (hereinafter QDRO) (*see* 29 USC § 1056 [d] [3] [B] [ii]) is without merit, as it is the responsibility of the party seeking the QDRO to submit the QDRO to the court on notice (*see generally Denaro v Denaro*, 84 AD3d 1148 [2011]).

"A Judicial Hearing Officer (hereinafter JHO) derives authority from an order of reference by the court (*see* CPLR 4311), and an order of reference is made only upon the consent of the

parties except in limited circumstances not applicable here" (*Fernald v Vinci*, 302 AD2d 354, 355 [2003]; *see* CPLR 4317; *Allison v Allison*, 28 AD3d 406 [2006], *cert denied* 549 US 1307 [2007]). "Leave of court and designation by it of the referee is required for references in matrimonial actions" (CPLR 4317 [a]; *see Allison v Allison*, 28 AD3d at 406). Here, the parties consented to referral of the matter to a JHO to hear and determine all issues. Therefore, the Supreme Court properly referred the matter to a JHO, who possessed the authority to determine the issues before him.

Contrary to the contention of the nonparty Michael R. Curran, the record supports a finding that he engaged in frivolous conduct during the proceedings. Thus, the Supreme Court properly confirmed the report of the JHO recommending the imposition of sanctions against him (*see Matter of JK&E Partnership v Chase Manhattan Bank*, 276 AD2d 554 [2000]). The court also providently exercised its discretion in awarding the defendant an attorney's fee arising from Curran's conduct in engaging in frivolous motion practice (*see Tropeano v Tropeano*, 35 AD3d 444, 445 [2006]).

The plaintiff's remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Belen, Hall and Roman, JJ., concur.