■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Respondent, v MARTIN L. POSNER et al., Appellants, et al., Defendants. [933 NYS2d 52]—

In December 2006 the defendant Martin L. Posner executed a note, secured by a mortgage on certain property owned by him and the defendant Jane Y. Posner (hereinafter together the appellants). Subsequently, the mortgage was assigned by Mortgage Electronic Registration Systems, Inc., as nominee for the lender, to the plaintiff. Shortly thereafter, on September 4, 2009, the plaintiff commenced this foreclosure action against, among others, the appellants. In an order entered June 2, 2010, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellants. We affirm the order insofar as appealed from.

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage and unpaid

note, along with evidence of the appellants' default (*see Capstone Bus. Credit, LLC v Imperia Family Realty, LLC*, 70 AD3d 882, 883 [2010]; *Aurora Loan Servs., LLC v Thomas*, 53 AD3d 561 [2008]; *U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d 711 [2008]). In opposition, the appellants failed to raise a triable issue of fact as to a bona fide defense to the action (*see Aurora Loan Servs. v Grant*, 70 AD3d 986 [2010]; *Mahopac Natl. Bank v Baisley*, 244 AD2d 466, 467 [1997]).

The appellants' contentions that the plaintiff lacked standing to commence this action and failed to comply with the conditions of the mortgage and RPAPL 1304 are not properly before this Court. Generally, "we do not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution" (*Gurman v Fotiades*, 73 AD3d 1126, 1126 [2010]; *see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). Although this Court possesses the discretion to permit review in the interest of justice (*see Faricelli v TSS Seedman's*, 94 NY2d 772, 773 [1999]; *Vecchio v Colangelo*, 274 AD2d 469 [2000]), such review should be exercised sparingly (*see Gurman v Fotiades*, 73 AD3d at 1126-1127; *Gammal v La Casita Milta*, 278 AD2d 364 [2000]). The appellants previously appealed from an order dated January 28, 2010, which denied their motion to dismiss the complaint. That appeal was dismissed by decision and order on motion of this Court dated December 1, 2010, for failure to prosecute in accordance with the rules of this Court, and that dismissal constituted an adjudication on the merits with respect to all issues which could have been reviewed on that appeal (*see Auriemmo v Auriemmo*, 87 AD3d 1090 [2011]; *Gurman v Fotiades*, 73 AD3d at 1127; *Blue Chip Mtge. Corp. v Strumpf*, 50 AD3d 936, 937 [2008]), including the appellants' contention regarding standing and a failure to comply with RPAPL 1304.

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellants.

The appellants' remaining contentions are without merit. Mastro, J.P., Eng, Belen and Hall, JJ., concur.