■ FRANK CATALANOTTO et al., Respondents, v TOM ABRAHAM et al., Defendants, and KENNETH KIRSCHENBAUM, Appellant. [942 NYS2d 600]—

In an action, inter alia, to recover damages for breach of contract, the defendant Kenneth Kirschenbaum appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated January 13, 2011, as, upon reargument, adhered to a prior determination in an order of the same court dated March 29, 2010, denying that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the appeal is dismissed, with costs.

In an order dated March 29, 2010, the Supreme Court, in pertinent part, denied that branch of the motion of the defendant Kenneth Kirschenbaum which was for summary judgment dismissing the complaint insofar as asserted against him. Kirschenbaum appealed from that order, but by decision and order on motion of this Court dated December 1, 2010, the appeal was dismissed for failure to prosecute. That dismissal constituted an adjudication on the merits with respect to all issues which could have been reviewed on that appeal (*see Deutsche Bank Natl. Trust Co. v Posner*, 89 AD3d 674, 675 [2011]; *Auriemmo v Auriemmo*, 87 AD3d 1090, 1091 [2011]).

Kirschenbaum moved, inter alia, for leave to reargue that branch of his motion which was for summary judgment dismiss-

ing the complaint insofar as asserted against him. In the order appealed from, the Supreme Court granted leave to reargue but, upon reargument, adhered to the prior determination denying that branch of the motion. Kirschenbaum now appeals from so much of that order as, upon reargument, adhered to the prior determination.

Generally, we do not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]; *Madison v Tahir*, 45 AD3d 744, 744-745 [2007]). Here, Kirschenbaum has not demonstrated any basis for the exercise of such discretion. Balkin, J.P., Chambers, Hall and Austin, JJ., concur.