■ WELLS FARGO BANK, N.A., as Trustee under POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2005 ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-WHQ4, Respondent, v OSWALD RUSSELL, Appellant, et al., Defendants. [955 NYS2d 654]—

In this action to foreclose a mortgage, the defendant Oswald Russell defaulted in appearing and answering the complaint.

Eventually, the plaintiff moved for a judgment of foreclosure and sale, and the Supreme Court granted the motion, without opposition. Subsequently, Russell moved to vacate his default and extend his time to appear and answer. The Supreme Court held that Russell had failed to establish a reasonable excuse for his default, and it denied his motion without considering whether he had demonstrated the existence of a potentially meritorious defense to the action. Russell did not take an appeal from the order denying his motion, but instead moved for leave to renew his motion. In support of his motion for leave to renew, Russell alleged, among other possible defenses, that the plaintiff lacked standing to commence the action and that it had obtained the judgment by fraud. The Supreme Court denied Russell's motion for leave to renew, and Russell appeals.

"A motion for leave to renew must (1) be based upon new facts not offered on a prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (*Swedish v Beizer*, 51 AD3d 1008, 1010 [2008], quoting *Ellner v Schwed*, 48 AD3d 739, 740 [2008]; *see* CPLR 2221 [e]; *Yerushalmi v Yerushalmi*, 82 AD3d 1217, 1217 [2011]).

A defendant who seeks to vacate a default in appearing or answering must provide a reasonable excuse for the default and show a potentially meritorious defense (*see U.S. Bank N.A. v Stewart*, 97 AD3d 740, 740 [2012]; *Deutsche Bank Natl. Trust Co. v Rudman*, 80 AD3d 651, 652 [2011]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]). The Supreme Court denied Russell's motion to vacate his default on the ground that he had failed to provide a reasonable excuse for his default. Upon moving for leave to renew, Russell did not submit new facts that would cure that deficiency. Consequently, whatever the possible merit of the potentially meritorious defenses he offered in support of his motion for leave to renew (*see Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *but cf. HSBC Bank, USA v Dammond*, 59 AD3d 679 [2009]), those contentions would not have changed the original determination. Accordingly, the Supreme Court properly denied Russell's motion for leave to renew (*see Reich v Redley*, 96 AD3d 1038, 1039 [2012]).

Russell's remaining contentions are without merit or need not be addressed in light of our determination. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.