CHARLES PRITCHARD et al., Respondents, v DARLENE A.
CURTIS et al., Appellants, et al., Defendants. [957 NYS2d 440]—

McCarthy, J.

Curtis moved to clarify the January 2011 order. Supreme
Court granted the motion and clarified that the order had
determined that the mortgages and liens were valid and sum-
mary judgment was granted as to liability on the foreclosure
cause of action. Curtis and Chichester (hereinafter collectively
referred to as defendants) appeal that order. Supreme Court
separately granted plaintiffs' motion to confirm the report of
the assigned referee and issued a final judgment of foreclosure
and sale. Curtis appeals that judgment. Curtis also moved to
vacate the judgment of foreclosure and sale. Chichester sought
the court's recusal. Supreme Court denied the motion to vacate
and the request for recusal. Defendants also appeal that order.

In the previous appeal, this Court affirmed Supreme Court's
grant of summary judgment on the issues of fraudulent convey-
ances and entitlement to a judgment of foreclosure (*id.* at 1380-
1381). We see no need to further address Supreme Court's
clarification of its order, which comports with our understand-
ing of that order as discussed in our prior decision.

Chichester admitted that he has not had an individual owner-
ship interest in the parcels since 1999, and he did not sign the
promissory notes or the mortgages. Thus, as we noted on the

previous appeal, he has no standing to challenge orders and judgments addressing foreclosure (*id.* at 1380). To the extent that Chichester may be affected by the denial of his recusal request, no legal disqualification existed under Judiciary Law § 14 and, based on Supreme Court's remote relationship with nonparties who were somewhat involved in this action, the court did not abuse its discretion in denying voluntary recusal (*see Shields v Carbone*, 99 AD3d 1100, 1102-1103 [2012]; *Mokay v Mokay*, 67 AD3d 1210, 1213 [2009]).

Supreme Court did not err in denying Curtis' motion to vacate. A party can seek to vacate a judgment or order on several grounds, including newly-discovered evidence that probably would have produced a different result, fraud or misconduct by an adverse party and lack of jurisdiction (*see* CPLR 5015 [a]). A motion to vacate a prior judgment or order is addressed to the court's "sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (*Maddux v Schur*, 53 AD3d 738, 739 [2008]; *see Solomon v Solomon*, 27 AD3d 988, 989 [2006]). Defendants submitted the opinion of a handwriting expert that their signatures on a confession of judgment were forged. They did not establish how this qualified as newly-discovered evidence, as they did not explain why this opinion could not have been procured in response to the motion for summary judgment a year earlier (*see Maddux v Schur*, 53 AD3d at 739; *Shouse v Lyons*, 4 AD3d 821, 822 [2004]). In any event, the court held that this evidence was irrelevant because foreclosure was based on the two notes and mortgages, not on the confession of judgment. That document was only used to prove an ancillary fact that was since established by other evidence. Even if that document were forged, that fact could only affect the credibility of someone who submitted an affidavit on plaintiffs' behalf, and new evidence affecting credibility is generally not sufficient to vacate an order (*see Solomon v Solomon*, 27 AD3d at 989). Hence, the court properly determined that Curtis was not entitled to vacatur of the prior order based on newly-discovered evidence or fraud (*see* CPLR 5015 [a] [2], [3]).

Curtis also did not establish entitlement to vacatur based on a lack of jurisdiction (*see* CPLR 5015 [a] [4]). Although Curtis did not complain, in response to the original summary judgment motion, about plaintiffs' and the court's failure to comply with the newly-enacted requirements in foreclosure actions, a defect in subject matter jurisdiction may be raised at any time, even for the first time on appeal, because it relates to the competence of the court to consider a matter (*see Financial Indus. Regulatory Auth., Inc. v Fiero*, 10 NY3d 12, 17 [2008]; *Matter of*

*Destiny EE. [Karen FF.]*, 90 AD3d 1437, 1439 n 3 [2011], *lv dismissed* 19 NY3d 856 [2012]; *Burke v Aspland*, 56 AD3d 1001, 1003 [2008], *lv denied* 12 NY3d 709 [2009]). Foreclosure settlement conferences are mandated by statute and court rule in certain circumstances (*see* CPLR 3408; 22 NYCRR 202.12-a). We need not decide whether a mandatory settlement conference was required here,[1] because Curtis does not argue—and the law would not support an argument—that the failure to hold such a conference deprives the court of subject matter jurisdiction in a foreclosure action.

Courts have held that the notice requirements of RPAPL 1303 and 1304 are conditions precedent to suit, with the foreclosing party bearing the burden of showing compliance therewith (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 102-108 [2011]; *First Natl. Bank of Chicago v Silver*, 73 AD3d 162, 165-169 [2010]); those decisions did not label these conditions precedent as jurisdictional. The Court of Appeals has "noted the confusion that arises because the word 'jurisdiction', which with respect to subject matter means the power of a court to adjudicate concerning a category of cases, is also inexactly used to refer to the situation in which the absence of a condition precedent requires dismissal of a particular case notwithstanding that the court has jurisdiction of the subject matter" (*Copeland v Salomon*, 56 NY2d 222, 227 [1982]). While courts have dismissed actions based on the failure to comply with a condition precedent related to a statutory notice of claim, such requirements affect subject matter jurisdiction because the municipality or governmental authority "waived immunity and consented to be sued only in the event that certain jurisdictional conditions precedent are complied with" (*Lumbermens Mut. Cas. Co. v Port Auth. of N.Y. & N.J.*, 137 AD2d 796, 797 [1988]; *see Ofulue v Port Auth. of N.Y. & N.J.*, 307 AD2d 258, 259 [2003]). The conditions precedent of providing foreclosure notice requirements are different. Statutorily, violation of the provisions of RPAPL 1304 constitutes a defense to a home loan mortgage foreclosure action (*see* RPAPL 1302 [2]; *Aurora Loan*

---

1. Plaintiffs persuasively argue that the mortgage foreclosure requirements are inapplicable because the mortgages at issue here do not qualify as "home loan[s]" based on evidence, including Curtis' testimony, that the debt was incurred for use in her business rather than "primarily for personal, family, or household purposes" (RPAPL 1304 [5] [a] [ii]). This argument similarly would apply were we to address the merits of whether plaintiffs were required to provide notices for home loan foreclosure pursuant to RPAPL 1303 and 1304.

*Servs., LLC v Weisblum*, 85 AD3d at 105).[2] The Legislature would not have denominated this as a defense if a violation of the notice provisions deprived the court of subject matter jurisdiction. As the absence of these conditions precedent did not deprive the court of jurisdiction to preside over this mortgage foreclosure action, Supreme Court properly denied Curtis' motion to vacate the judgment of foreclosure and sale.

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the orders and judgment are affirmed, with costs.

---

2. Curtis did not raise the failure to give notice pursuant to RPAPL 1303 or 1304 as a defense in her answer or in opposition to plaintiffs' motion for summary judgment.