■ Zinaida Berezyuk, Appellant, v City of New York, Respondent, et al., Defendants. [958 NYS2d 493]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated October 7, 2011, as, upon reargument, adhered to the original determination in an order dated April 15, 2011, granting that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal is dismissed, with costs.

In an order dated April 15, 2011, the Supreme Court granted the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The plaintiff appealed from that order, but by decision and order on motion of this Court dated February 3, 2012, the appeal was dismissed for failure to prosecute. That dismissal constituted an adjudication on the merits with respect to all issues which could have been reviewed on that appeal (see Catalanotto v Abraham, 94 AD3d 937, 938 [2012]).

The plaintiff moved for leave to reargue her opposition to that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it. In the order appealed from, the Supreme Court, upon reargument, adhered to its original determination granting that branch of the City's motion.

As a general rule, we do not consider issues on a subsequent appeal which were raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754 [1999]; Bray v Cox, 38 NY2d 350 [1976]; Kapsis v Peragine, 96 AD3d 804 [2012]; Catalanotto v Abraham, 94 AD3d at 938). Here, the plaintiff has not demonstrated any basis for the exercise of such discretion. Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.