OPINION OF THE COURT
Thomas F. Whelan, J.
It is ordered that this motion (No. 001) by defendant, John H. *456 Pembelton, III, to vacate his default in answering the summons and complaint, for dismissal of this action or for leave to serve and file a late answer is considered under CPLR 5015 (a) (1) and (4), 317 and 3012 and is denied.
The plaintiff commenced this action to foreclose an August 31, 2005 mortgage on real property given by the moving defendant, John H. Pembelton, III, to secure a mortgage note of the same date in the principal amount of $290,956.82. After defaulting in his obligations to pay the monthly mortgage installments under the terms of the August 31, 2005 loan documents, the plaintiff and defendant Pembelton entered into a mortgage modification agreement that was fully executed on February 5, 2010. Pembelton immediately defaulted in his payment obligations under this modification agreement by failing to tender the payment due on March 1, 2010. The plaintiff commenced this action on July 30, 2010 to foreclose the lien of the August 31, 2005 mortgage.
Following the filing of the summons and complaint, the plaintiff undertook to effect service upon the defendants in accordance with CPLR article 3. According to the affidavit of the plaintiffs process server, Thomas Burke, on file in the office of the clerk, moving defendant, John H. Pembelton, III, was served pursuant to CPLR 308 (2) at the mortgaged premises on August 9, 2010 at 8:40 p.m. by delivery of the summons and complaint and a separate RPAPL 1303 notice on blue paper to Kris Pembelton, who identified herself as the moving defendant’s wife. Mr. Burke described her as a female being between the age of 31 and 39, 175 to 179 pounds, with black hair and black skin. Mr. Burke’s affidavit included proof of the mailing of the summons, complaint and RPAPL 1303 notice on August 11, 2010. A second process server mailed copies of these same documents to the moving defendant on August 11, 2010 in accordance with CPLR 3215 (g) (3). The affidavit of service of this mailing by Andrelina Tineo was filed in the office of the clerk on August 12, 2010.
“Kris” Pembelton was separately served as John Doe No. 1 on August 9, 2010 with the summons and complaint by Thomas Burke by personal delivery thereof at the mortgaged premises at 8:40 p.m. The description of Ms. Pembelton set forth in Mr. Burke’s affidavit of service by personal delivery to Ms. Pembelton is identical to that set forth in his affidavit of service upon the moving defendant, John H. Pembelton, III. According to the August 12, 2010 affidavit of Richard E. Harris, he mailed copies *457 of a 1303 notice to Kris Pembelton as a defendant tenant on August 12, 2010.
Neither of the Pembelton defendants timely appeared in this action by service of an answer. Nevertheless, it appears from the court’s electronic filing system that there may have been some participation by the moving defendant in a self-represented capacity at settlement conferences of the type contemplated by CPLR 3408 that were conducted in the specialized mortgage foreclosure part of this court. The first of such conferences was a “screening” that was scheduled for September 28, 2010. The purpose of “screenings” is to aid the court in ascertaining whether mortgagors are interested in participating in the settlement conference process. If a mortgagor fails to appear or otherwise respond to the court’s notice of a screening, the matter is marked compliant with CPLR 3408 and released from the conference part. Records maintained in this action by the specialized conference part indicate that the September 28, 2010 screening was adjourned as a result of a “pre-calendar request” to October 8, 2010. That conference was then adjourned to November 8, 2010, on which date the defendant mortgagor failed to appear. The action was then “released” from the conference part and assigned to this IAS part. The record further reflects the moving defendant was listed in the court’s electronic filing system as appearing in a “pro se” capacity until December 5, 2012, when his current counsel filed an amended notice of appearance upon the submission of the instant motion.
By the instant motion (No. 001), the mortgagor defendant seeks to vacate his default and dismissal of this action on the grounds that the court lacks personal jurisdiction over him due to the fact that “he was never personally served with any notice of any kind in the present action” (see aff of John H. Pembelton, III, sworn to before his attorney on Nov. 19, 2012, ¶¶ 8-9, attached to the moving papers). Continuing, Pembelton avers that while he resides at the mortgaged premises, he only found out about the pendency of this action “by going to the Suffolk County Clerk’s office in or about August 2012” (id. ¶ 10). Pembelton next avers that “[i]n or about August 2012, after several unsuccessful attempts at modifying my existing mortgage, I was referred to counsel for the purpose of retaining a law firm to represent me concerning modification issues” (id. ¶ 11). Pembelton alleges that he followed his current attorney’s advice and went to the clerk’s office in August of 2012 looking for informa *458 tion with respect to his house. “It was then that I learned of this pending foreclosure action” (id. ¶ 13). Pembelton goes on to deny service or his receipt of any papers in this action and also denies that his wife was served on his behalf as she is forbidden to open the door to strangers when he is not home and he was not at home at 8:40 p.m. on August 9, 2010 (id. ¶¶ 14-28). Pembelton concludes his affidavit by challenging the description of his wife set forth in the affidavit of service of Thomas Burke due to the misspelling of her name and Burke’s failure to note that she wears glasses (id. ¶¶ 29-30).
An affidavit by the moving defendant’s wife, Christiana Maria Subero-Pembelton, is also attached to the moving papers. Like her husband, she admits that she resides at the mortgaged premises and she admits that she was home at the time of service. She does not contest the personal delivery of the summons and complaint that was effected upon her by Thomas Burke on August 9, 2010. Instead, she contests only that she was not served on behalf of her husband by parroting the factual averments allegedly supporting this claim that were advanced in her husband’s affidavit. Ms. Pembelton adds certain additional facts regarding her personal traits and habits and household practices which she deems material to the jurisdictional issue.
In addition to a vacatur of his default and dismissal of this action on jurisdictional grounds or the scheduling of a traverse hearing on such grounds, defendant John H. Pembelton, III, moves, in effect, for an order vacating his default on the grounds of excusable default of the type encompassed by CPLR 5015 (a) (1) and/or 317, a dismissal of the complaint or leave to serve a late answer pursuant to CPLR 3012 (d). In support thereof, the moving defendant advances three defenses which he characterizes as meritorious enough to warrant dismissal of the complaint or the granting of leave to serve a late answer in the form of the proposed answer attached to his moving papers. The defendant’s motion has been met with vigorous opposition by the plaintiff. Upon due consideration of the submissions of the parties, and for the reasons set forth below, the motion is denied in its entirety.
It is well established that a process server’s sworn affidavit of service constitutes prima facie evidence of proper service (see ACT Props., LLC v Garcia, 102 AD3d 712 [2d Dept 2013]; Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724 [2d Dept 2013]; Bank of N.Y. v Espejo, 92 AD3d 707 [2d Dept 2012]; Deutsche Bank Natl. Trust Co. v Hussain, 78 AD3d 989 [2d Dept *459 2010]; Wells Fargo Bank, N.A. v McGloster, 48 AD3d 457 [2d Dept 2008]). A defendant can rebut the process server’s affidavit by a sworn denial of service in an affidavit containing specific and detailed contradictions of the allegations in the process server’s affidavit (see Bank of N.Y. v Espejo, 92 AD3d 707 [2012], supra; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343 [2d Dept 2003]). Bare, conclusory and unsubstantiated denials of receipt of process are insufficient to rebut the presumption of proper service created by the affidavit of the plaintiffs process server and to require a traverse hearing (see U.S. Bank N.A. v Tate, 102 AD3d 859 [2d Dept 2013]; Stevens v Charles, 102 AD3d 763 [2d Dept 2013]; Irwin Mtge. Corp. v Devis, 72 AD3d 743 [2d Dept 2010]; Beneficial Homeowner Serv. Corp. v Girault, 60 AD3d 984 [2d Dept 2009]).
A defendant who fails to swear to specific facts to rebut the statements in the process server’s affidavit is not entitled to a hearing on the issue of service (see Chichester v Alal-Amin Grocery & Halal Meat, 100 AD3d 820 [2d Dept 2012]; Bank of N.Y. v Espejo, 92 AD3d 707 [2012], supra; US Natl. Bank Assn. v Melton, 90 AD3d 742 [2011]; Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983 [2d Dept 2010]; Mortgage Elec. Registration Sys., Inc. v Schotter, 50 AD3d 983 [2d Dept 2008]). Claimed discrepancies between the appearance of the person served and the description of such person set forth in the process server’s affidavit that are unsubstantiated and of a minor, slight or inconsequential nature are likewise insufficient to warrant a hearing on the issue of service (see Indymac Fed. Bank, FSB v Hyman, 74 AD3d 751 [2d Dept 2010]; Beneficial Homeowner Serv. Corp. v Girault, 60 AD3d 984 [2009], supra; Cavalry Portfolio Servs., LLC v Reisman, 55 AD3d 524 [2d Dept 2008]; Wells Fargo Bank, N.A. v McGloster, 48 AD3d 457 [2008], supra; NYCTL 1997-1 Trust v Nillas, 288 AD2d 279 [2d Dept 2001]).
Here, the claimed discrepancy between Ms. Pembelton’s physical appearance, which is premised upon allegations that she nearly always wears eyeglasses, and the omission of that characteristic from the description of her set forth in the affidavits of service is too minor, slight and inconsequential to warrant a hearing on the issue of service. Also insufficient to implicate a jurisdictional defect in service is the misspelled, shortened version of Ms. Pembelton’s name set forth in the process server’s affidavits. Ms. Pembelton was unknown to the plaintiff prior to the time of service as she was not a signatory *460 to either the note or the mortgage. Due to her presence at the mortgaged premises at the time of service, Ms. Pembelton was served with process, personally, pursuant to CPLR 308 (1), and served on behalf of her husband pursuant to CPLR 308 (2). Under these circumstances, the court finds that the service effected was compliant with the dictates of CPLR 308 (1) and (2) and sufficient to provide the court with personal jurisdiction over both Pembelton defendants.
The court is thus left with only the unsubstantiated and conclusory denials of service and/or receipt of any papers in this action that are advanced in the affidavits of the Pembelton defendants on this motion. As indicated above, however, such denials are insufficient to rebut the prima facie showing of proper service created by the process server’s affidavits. Accordingly, those portions of this motion wherein the mortgagor defendant seeks to vacate his default due to a lack of personal jurisdiction and dismissal of the complaint or a traverse hearing on the issue of service of process are denied.
The remaining portions of the instant motion are also denied. A defendant seeking to vacate his or her default and leave to participate in the action upon the vacatur of the default by service of an answer under CPLR 5015 (a) (1) or 3012 must provide a reasonable excuse for the default and show a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]; ACT Props., LLC v Garcia, 102 AD3d 712 [2013], supra; Deutsche Bank Natl. Trust Co. v Gutierrez, 102 AD3d 825 [2d Dept 2013]; Wells Fargo Bank, N.A. v Russell, 101 AD3d 860 [2d Dept 2012]). Where the only excuse offered is the defendant’s unsuccessful claim that he was not served or was not properly served with process, a reasonable excuse is not established (see ACT Props., LLC v Garcia, 102 AD3d 712 [2013], supra; Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724 [2013], supra; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763 [2d Dept 2012]; Reich v Redley, 96 AD3d 1038 [2d Dept 2012]; cf. Equicredit Corp. of Am. v Campbell, 73 AD3d 1119 [2d Dept 2010]). Such is the case here as the moving defendant offered no excuse for his default in answering other than his unsuccessful claim of a lack of or defects in service. Under these circumstances, the court need not address whether the moving defendant has a meritorious defense (see Deutsche Bank Natl. Trust Co. v Gutierrez, 102 AD3d 825 [2013], supra; Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724 [2013], supra; Wells Fargo Bank, N.A. v Russell, 101 AD3d 860 [2012], supra).
*461 The moving defendant’s remaining demands for relief include claims for dismissal of the complaint on the grounds that the plaintiff allegedly lacks standing to prosecute its claims for foreclosure due to a lack of standing arising from its failure to serve notices required by RPAPL 1303 and 1304 and/or a lack of ownership in the note and mortgage. However, the defense of standing was waived by the moving defendant due to his unsuccessful attempt to secure a vacatur of his default in answering, the absence of any duly served answer raising such defense and his failure to timely move for dismissal under CPLR 3211 (see Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983 [2010], supra; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983 [2d Dept 2011]; Holubar v Holubar, 89 AD3d 802 [2d Dept 2011]; McGee v Dunn, 75 AD3d 624, 624 [2d Dept 2010]; see also HSBC Bank USA, NA v Schwartz, 88 AD3d 961 [2d Dept 2011]; HSBC Bank, USA v Dammond, 59 AD3d 679 [2d Dept 2009]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239 [2d Dept 2007]).
To the extent that the defendant’s motion may be fairly construed to include an application for dismissal of the complaint on the separate ground that the plaintiffs purported failure to serve the statutory notices required by RPAPL 1303 and 1304 constitutes a failure to satisfy statutory conditions precedent so as to warrant such a dismissal, it is denied. Unquestionably, appellate case authorities have recently determined that service of the statutory notices required by RPAPL 1303 and 1304 is a condition precedent to a mortgage foreclosure action (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 102-108 [2d Dept 2011]; First Natl. Bank of Chicago v Silver, 73 AD3d 162, 165-169 [2d Dept 2010]). It has further been established that, unlike the affirmative defenses contemplated by CPLR 3015 (a), 3018 (b) and 3211 (a) (5), which are waived if not timely raised, the failure to comply with these statutory conditions precedent may be raised at any time during the action (id. at 163).
A failure to comply with the statutory notice provisions is not, however, a jurisdictional defect and thus does not constitute a ground for the vacatur of a judgment of foreclosure pursuant to CPLR 5015 (a) (4) (see Pritchard v Curtis, 101 AD3d 1502 [3d Dept 2012]; see also Deutsche Bank Natl. Trust Co. v Posner, 89 AD3d 674 [2d Dept 2011]). In Pritchard, the Third Department acknowledged the Second Department’s holdings in Weisblum and Silver that satisfaction of the notice require *462 ments imposed by RPAPL 1303 and 1304 was a condition precedent to the action and that the failure to comply with either could be raised at any time. However, the Pritchard Court emphasized that the Second Department did not “label these conditions precedent as jurisdictional” (see Pritchard v Curtis, 101 AD3d 1502, 1504 [2012]). The Pritchard Court concluded that the notice conditions of these statutes constitute defenses to the foreclosure action as evidenced by the legislature’s denomination of the RPAPL 1304 notice condition as a defense to foreclosure in RPAPL 1302 (2). The Court in Pritchard went on to hold that the application to vacate the judgment pursuant to CPLR 5015 (a) (4) by a defendant who had appeared without raising the notice condition failure prior to the granting of such judgment was one resting upon subject matter jurisdictional grounds rather than on grounds of personal jurisdiction. As such, it was properly denied by the trial court because “the absence of these conditions precedent did not deprive the court of jurisdiction to preside over this mortgage foreclosure action” (id. at 1505).
In an effort to reconcile these seemingly divergent appellate views as to the nature of the statutory foreclosure notice requirements imposed by RPAPL 1303 and 1304, this court finds that a failure to comply therewith gives rise to a heightened or “super” defense to the plaintiff’s claim. Although such defense implicates neither a lack of subject matter jurisdiction nor a lack of personal jurisdiction (see Pritchard v Curtis, 101 AD3d 1502, 1505 [2012], supra), it is not subject to waiver if it is not asserted in a pre-answer motion to dismiss or in an answer (see CPLR 3211 [a], [e]). Unlike the defense of a failure to satisfy a contractual condition precedent which must be pleaded (see CPLR 3015 [a]; 3018), a party who has timely appeared may raise the absence of or defective notice defense on motion, even though it was not included in an answer nor made the subject of a pre-answer motion to dismiss. Since the notice defense remains viable during the pendency of the action it may be raised by a non-defaulting party any time prior to judgment.
A statutory notice condition failure defense is also available to a defaulting defendant, but such availability is restricted to more limited circumstances. A mortgagor defendant may advance a statutory notice defense as a “meritorious defense” in an application to vacate a default in answering on grounds encompassed by CPLR 5015 (a) (1) or 317. As indicated above, a successful motion to vacate a default under these statutes *463 requires the moving party to demonstrate a reasonable excuse for the default and a meritorious defense to the claim (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986], supra; Wells Fargo Bank, N.A. v Russell, 101 AD3d 860 [2012], supra). Where a reasonable excuse is established and the statutory notice conditions are successfully advanced as the defense, the defendant need not further appear by answer and defend on the merits, but instead, may press for the immediate dismissal of the complaint on the grounds that the plaintiff failed to satisfy either of the statutory notice conditions precedent. Where, however, the default is not vacated, a dismissal due to a failure to satisfy a statutory condition precedent is not an available remedy. A party in default may thus advance a failure to satisfy a statutory condition precedent in opposition to a motion for a default judgment only if such opposition is accompanied by a viable cross motion to be relieved of such default (see Wassertheil v Elburg, LLC, 94 AD3d 753 [2d Dept 2012]; Hosten v Oladapo, 44 AD3d 1006 [2d Dept 2007]; Giovanelli v Rivera, 23 AD3d 616 [2d Dept 2005]).
To hold otherwise would result in the elevation of such defense into a jurisdictional defect which is clearly not what the legislature intended (see RPAPL 1302 [2]). It would also afford a party in default grounds for attacking orders or judgments issued by the court notwithstanding such party’s failure to participate during the action (see First Natl. Bank of Chicago v Silver, 73 AD3d 162, 163 [2010], supra). As in the case of a plaintiffs failure to satisfy the proof requirements for entry of a default judgment that are imposed by CPLR 3215 (f) or to serve the additional notices required by CPLR 3215 (g) (see U.S. Bank N.A. v Tate, 102 AD3d 859 [2013], supra; Zaidman v Zaidman, 90 AD3d 1035 [2d Dept 2011]; Citimortgage, Inc. v Phillips, 82 AD3d 1032 [2d Dept 2011]; Castle v Avanti, Ltd., 86 AD3d 531 [2d Dept 2011]; Thas v Dayrich Trading, Inc., 78 AD 3d 1163 [2d Dept 2010]; Alaska Seaboard Partners Ltd. Partnership v Grant, 20 AD3d 436 [2d Dept 2005]), the failure to comply with the statutory conditions precedent imposed by RPAPL 1303 and 1304 is not a jurisdictional defect and thus may not be used as a sword by a defendant in default to set aside a judgment or order of the court.
In this regard the court notes that in both Silver and Weisblum, and in Pritchard, the defendants participated in the actions by timely appearances and their complaints about one or more unsatisfied notice conditions precedent were considered by *464 the appellate courts (see First Natl. Bank of Chicago v Silver, 73 AD3d 162 [2010], supra; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95 [2011], supra; see also Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909 [2d Dept 2013]; cf. US Bank N.A. v Caronna, 92 AD3d 865 [2d Dept 2012]). Here, the moving defendant’s failure to establish a reasonable excuse for his default resulted in the denial of his application to vacate it. These circumstances, coupled with the non-jurisdictional nature of the statutory conditions precedent, vitiate any claim the moving defendant may have had to a dismissal of the plaintiff’s complaint due to its purported failure to satisfy one or more of the statutory notice conditions precedent (see Pritchard v Curtis, 101 AD3d 1502 [2012], supra; Deutsche Bank Natl. Trust Co. v Posner, 89 AD3d 674 [2011], supra; Alaska Seaboard Partners Ltd. Partnership v Grant, 20 AD3d 436 [2005], supra).
Under these circumstances, the court need not address the merits of the moving defendant’s claims that the complaint should be dismissed because the plaintiff failed to comply with the conditions precedent imposed by RPAPL 1303 and/or 1304. However, it notes that, as outlined above, the record is replete with due proof of service of the section 1303 notice and it contains sufficient evidence of compliance with the RPAPL 1304 notice condition requirements in light of the procedural posture of this case and the unsubstantiated denials of receipt by the moving defendant (see Grogg v South Rd. Assoc., L.P., 74 AD3d 1021 [2d Dept 2010]).
In view of the foregoing, this motion by defendant, John H. Pembelton, III, for relief from his default in answering, dismissal of the complaint and/or leave to serve a late answer is denied.