■ DAWN MOSBY, Appellant, v MATTHEW G. PARILLA, D.M.D., Respondent. [37 NYS3d 129]—

In an action to recover damages for dental malpractice and lack of informed consent, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), dated March 13, 2014, which denied her motion to vacate a decision of the same court (Rosengarten, J.) entered November 7, 2013, and (2) a judgment of the same court (O'Donoghue, J.) entered April 24, 2014, which, upon an order of the same court (O'Donoghue, J.) entered March 14, 2014, granting that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict against him and for judgment as a matter of law, is in favor of the defendant and against her, in effect, dismissing the complaint. The notice of appeal from the order entered March 14, 2014, is deemed to be a notice of appeal from the judgment entered April 24, 2014 (see CPLR 5512 [a]).

Ordered that the appeal from the order dated March 13, 2014, is dismissed, as no appeal lies from an order denying a motion to vacate a decision (see Coradin v New York City Tr. Auth., 3 AD3d 547 [2004]); and it is further,

Ordered that the judgment entered April 24, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In March 2010, the plaintiff commenced this action to recover damages for dental malpractice and lack of informed consent related to a root canal and related procedures performed in 2007 and 2008. After a trial and a jury verdict in the plaintiff's favor, the defendant moved, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict against him and for judgment as a matter of law. While the defendant's motion was pending, the plaintiff caused judgment to be entered against him on May 10, 2013. The defendant appealed from this judgment, but the appeal was dismissed by this Court as untimely, and his motion, in effect, for leave to file a late notice of appeal was denied. Subsequently, by order entered March 14, 2014, the Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict against him and for judgment as a matter of law.

The plaintiff contends that, in light of the dismissal of the defendant's prior appeal from the judgment entered May 10, 2013, the doctrine of law of the case precluded the Supreme Court from deciding the pending motion by the defendant, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict against him and for judgment as a matter of law. However, "[t]he doctrine [of law of the case] 'applies only to legal determinations that were necessarily resolved on the merits in

the prior decision,' and to the same questions presented in the same case" (*RPG Consulting, Inc. v Zormati*, 82 AD3d 739, 740 [2011], quoting *Gilligan v Reers*, 255 AD2d 486, 487 [1998] [citation omitted]). Here, unlike the dismissal of an appeal for failure to prosecute (*see Bray v Cox*, 38 NY2d 350 [1976]; *Gurman v Fotiades*, 73 AD3d 1126, 1127 [2010]), the dismissal of an appeal as untimely does not constitute an adjudication on the merits with respect to all issues which could have been reviewed on that appeal (*see e.g. Matter of Eagle Ins. Co. v Soto*, 254 AD2d 483 [1998]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.