M.H. v Tucci (2018 NY Slip Op 07714)





M.H. v Tucci


2018 NY Slip Op 07714


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-04594
 (Index No. 8339/13)

[*1]M.H., etc., et al., respondents,
v
James John Tucci, etc., appellant.


Kathi L. Rotondo, Rye, NY, for appellant.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the defendant appeals from an order of the Supreme Court, Kings County (Bert A. Bunyan, J.), dated April 6, 2016. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order dated June 29, 2015, denying that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought to recover damages based on the post-operative care provided to the infant plaintiff.
ORDERED that the appeal is dismissed, without costs or disbursements.
In May 2013, the plaintiffs commenced this action against the defendant to recover damages for medical malpractice and lack of informed consent arising out of a surgery the defendant performed on the infant plaintiff in July 2012. Upon the completion of discovery, the defendant moved for summary judgment dismissing the complaint. In an order dated June 29, 2015 (hereinafter the June 2015 order), the Supreme Court denied the defendant's motion. The defendant appealed from the June 2015 order. By decision and order on motion of this Court dated July 5, 2017, that appeal was dismissed for failure to prosecute.
The defendant moved before the Supreme Court for leave to reargue his motion for summary judgment dismissing the complaint. In the order appealed from, dated April 6, 2016 (hereinafter the April 2016 order), the Supreme Court granted leave to reargue. Upon reargument, the court vacated so much of the June 2015 order as denied those branches of the defendant's motion which were for summary judgment dismissing so much of the complaint as sought to recover damages based on medical malpractice during the surgery and for lack of informed consent, and thereupon granted those branches of the defendant's motion. However, the court adhered to its prior determination denying that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought to recover damages based on the post-operative care provided to the infant plaintiff. The defendant now appeals from so much of the April 2016 order, as, upon reargument, adhered to the prior determination.
As a general rule, a dismissal for want of prosecution acts as a bar to a subsequent appeal as to all issues that were presented on the earlier appeal (see Bray v Cox, 38 NY2d 350, 353; Berezyuk v City of New York, 102 AD3d 901, 902; Catalanotto v Abraham, 94 AD3d 937, 938), although this Court has the inherent jurisdiction to consider such issues. Here, the defendant has not demonstrated any basis for the exercise of such discretion. Accordingly, this Court's dismissal of [*2]the appeal from the June 2015 order, which denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought to recover damages based on the post-operative care provided to the infant plaintiff, is a bar to the defendant's appeal from so much of the April 2016 order which adhered to that prior determination (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; Bray v Cox, 38 NY2d at 353).
Accordingly, we dismiss the appeal.
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court