PE-NC, LLC v Gonzalez (2019 NY Slip Op 04184)





PE-NC, LLC v Gonzalez


2019 NY Slip Op 04184


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-01523
 (Index No. 13309/11)

[*1]PE-NC, LLC, respondent, 
v
Edward Gonzalez, etc., et al., appellants, et al., defendants.


Altschul & Altschul, New York, NY (Mark M. Altschul of counsel), for appellants.
Law Office of Samuel Katz, PLLC, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Edward Gonzalez, individually and as administrator of the estate of Vicente Gonzalez, John Gonzalez, and Joanna Gonzalez appeal from an order of the Supreme Court, Queens County (Robert J. McDonald), entered December 22, 2016, as, in effect, amended by an order dated April 27, 2017. The order, as, in effect, amended, granted the plaintiff's motion for leave to enter a default judgment, for an order of reference, and for ancillary relief.
ORDERED that the order, as, in effect, amended, is affirmed, with costs.
The plaintiff in this mortgage foreclosure action moved for leave to enter a default judgment, for an order of reference, and for other related relief. In proceedings held on the record on February 4, 2015, and May 20, 2015, the Supreme Court (Duane A. Hart, J.) stated that it was raising, sua sponte, the issue of the "legitimacy" of the assignments of the subject note. During the May 20, 2015, proceeding, the court ordered a hearing, and directed that the plaintiff's motion for an order of reference would remain open pending the hearing. The transcripts of the proceedings held on February 4, 2015, and May 20, 2015, were signed as orders of the court. The plaintiff filed a notice of appeal from the orders, and also moved for leave to appeal from the orders. By decision and order on motion of this Court dated March 28, 2016, the plaintiff's purported appeals as of right were dismissed (see CPLR 5701[a]), and the plaintiff's motion for leave to appeal was denied.
Upon the death of the Supreme Court Justice assigned to the matter, the matter was administratively reassigned. In an order entered December 22, 2016, upon a memorandum decision dated September 28, 2016, the Supreme Court (Robert J. McDonald, J.) granted the plaintiff's motion for an order of reference, without conducting a hearing. The defendants Edward Gonzalez, John Gonzalez, and Joanna Gonzalez (hereinafter collectively the appellants) appeal from the order entered December 22, 2016, as, in effect, amended by an order dated April 27, 2017.
Contrary to the appellants' contention, the Supreme Court did not violate the doctrine of the law of the case by not holding a hearing prior to deciding the plaintiff's motion. The doctrine of the law of the case "applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision, and to the same questions presented in the same case" (Mosby v Parilla, 140 AD3d 1129, 1130-1131 [internal quotation marks omitted]; see Ramanathan v Aharon, 109 [*2]AD3d 529, 530; Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 717). "[T]he nature of the prior ruling is a pivotal concern in determining whether the successor Judge is constrained by the law of the case" (People v Evans, 94 NY2d 499, 505). Here, the Supreme Court's sua sponte order directing a hearing did not constitute a legal determination of any issue on the merits (see Mosby v Parilla, 140 AD3d at 1130-1131; Ramanathan v Aharon, 109 AD3d at 530).
As the plaintiff correctly contends, the appellants' argument, raised for the first time on appeal, that the plaintiff lacks standing is not a basis for reversing the Supreme Court's order, as the appellants waived their objection to the plaintiff's standing by failing to raise it in an answer or pre-answer motion to dismiss (see JP Morgan Chase Bank, N.A. v Butler, 129 AD3d 777, 780; Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566, 567; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242).
Contrary to the appellants' contention, the plaintiff did not fail to submit proof constituting the facts of its claim as required by CPLR 3215(f). "To demonstrate the facts constituting the claim, the movant need only submit sufficient proof to enable a court to determine if the claim is viable" (Global Liberty Ins. Co. v W. Joseph Gorum, M.D., P.C., 143 AD3d 768, 769 [internal quotation marks omitted]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; State of New York v Williams, 73 AD3d 1401, 1403). Here, the plaintiff's verified complaint, affidavit of merit, and accompanying exhibits satisfied the plaintiff's burden in this regard.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for leave to enter a default judgment, and, inter alia, for an order of reference.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court