VICTOR MARRERO, United States District Judge
I. BACKGROUND
This is a residential mortgage foreclosure action. On May 1, 2006, defendant Ramon Neris ("Neris") purchased the property at 64 Clinton Place, Bronx, New York 10453 (the "Property"). (See Dkt. No. 1-1 at 52.)
A little over a year later, on August 15, 2007, Neris borrowed $451,250.00 (the "Loan") from IndyMack Bank, F.S.B. (See id. at 3.) Neris secured the Loan by executing and delivering a mortgage (the "Mortgage") dated August 15, 2007 (see id. at 11), which was duly recorded in the real estate records of the Office of the City Register of the New York City Department of Finance on October 27, 2008 (see id. at 10). To evidence the loan, Neris executed a fixed/adjustable rate note (the "Note") dated August 15, 2007. (See id. at 29.)
On March 12, 2012, the Mortgage was assigned to OneWest Bank, FSB. (See id. at 36.) Plaintiff CIT Bank, N.A. ("CIT Bank") is a California-based national banking association that is formerly known as OneWest Bank, FSB, which was formerly known as OneWest Bank, N.A. (See "Complaint," Dkt. No. 1 ¶¶ 2, 14; see also *243 Dkt. No. 1-1 at 36, 38 (listing the same addresses for OneWest Bank, N.A. and CIT Bank on documents regarding the Property).)
According to CIT Bank, Neris failed to make payments in accordance with the Note and Mortgage after June 1, 2017. (See Complaint ¶ 15.) CIT Bank claims that, as of February 20, 2018, Neris owed $428,711.24, with interest accruing at 3% since May 1, 2017, plus an additional $184,741.12 amount of a deferred balance. (Id. ¶ 16.)
On February 20, 2018, CIT Bank commenced this action against Neris. Although Neris initially failed to appear (see Dkt. No. 23), he subsequently appeared and answered the Complaint (see Dkt. No. 27).
By letter dated July 30, 2018, CIT Bank wrote to this Court, requesting a pre-motion conference to discuss its anticipated motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. CIT Bank argues that it can establish its prima facie case "by presenting the [N]ote, [M]ortgage, and proof of default." (See "July 30, 2018 Letter," Dkt. No. 30, at 1 (citing Kondaur Capital Corp. v. Cajuste, 849 F. Supp. 2d 363, 369 (E.D.N.Y. 2012) ).) CIT Bank explains that, to meet that presentation, it has "annexed copies of the unpaid Note and Mortgage to the Complaint ... and will submit an affidavit setting forth when the default occurred and the amount of damages due under the Note and Mortgage." (Id. at 1.)
On August 15, 2018, Neris responded to CIT Bank's letter, indicating his intention to oppose such a motion. (See "August 15, 2018 Letter," Dkt. No. 32.) Neris argues that (1) CIT Bank cannot demonstrate that it was the holder of the Note when it commenced the suit; (2) that CIT Bank cannot submit sufficient admissible evidence; (3) and that CIT Bank failed to properly serve required foreclosure notices.
By letter dated August 20, 2018, CIT Bank rebutted Neris's argument and reaffirmed its request to file a motion for summary judgment. (See "August 20, 2018 Letter," Dkt. No. 33.)
The Court held a telephone conference with the parties to discuss CIT Bank's anticipated motion, during which it was agreed that the parties would attempt to reach a resolution and CIT Bank would not file a summary judgment motion. (See Dkt. Minute Entry dated 9/21/2018.) Over the ensuing months, the parties attempted to reach a resolution, but were ultimately unsuccessful. (See Dkt. Nos. 40, 41.) During a telephone conference on March 7, 2019, the Court indicated that it would construe CIT Bank's July 30, 2018 Letter and August 20, 2018 Letter as a motion for a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (" Rule 12(c)") and directed Neris to respond. (See Dkt. Minute Entry dated 3/7/2019.) Neris never responded.
On April 24, 2019, the Court ordered CIT Bank to produce by May 3, 2019, "any remaining necessary affidavits or exhibits," such as those described in its July 30, 2018 Letter, "to support the so-deemed motion for a judgment on the pleadings." (See "April 24, 2019 Order," Dkt. No. 42.) CIT Bank never responded or produced such documents.
The Court now construes CIT Bank's letters described above as an uncontested motion for a judgment on the pleadings pursuant to Rule 12(c) (the "Motion"). For the reasons set forth below, CIT Bank's Motion is DENIED without prejudice.
II. DISCUSSION
A. STANDARD OF REVIEW
Rule 12(c) permits a party to "move for judgment on the pleadings."
*244 Fed. R. Civ. P. 12(c). "Disposition of a litigation on the pleadings 'is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.' " Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams., No. 04 Civ. 10014, 2005 WL 1950116, at *3 (S.D.N.Y. Aug. 12, 2005) (quoting Sellers v. M.C. Floor Crafters Inc., 842 F.2d 639, 642 (2d Cir. 1988) ). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). "The granting of a motion for judgment on the pleadings is appropriate only if, with all reasonable inferences drawn in favor of the non-moving party, the non-moving party has failed to allege facts that would give rise to a plausible claim or defense." Prowley v. Hemar Ins. Corp. of Am., No. 05 Civ. 981, 2010 WL 1848222, at *3 (S.D.N.Y. May 7, 2010).
B. APPLICATION
Under New York law, "a plaintiff establishes prima facie his or her right to foreclosure where the note and mortgage are produced to the court, along with undisputed evidence the mortgagor has failed to make payment due under the loan agreements." Kondaur Capital, 849 F. Supp. 2d at 369. "To defeat such a claim, it is incumbent upon the defendant 'to raise a triable issue of fact as to a bona fide defense to the action.' " Id. (quoting Deutsche Bank Nat. Trust Co. v. Posner, 89 A.D.3d 674, 933 N.Y.S.2d 52-53 (2d Dep't 2011)).
Here, CIT Bank has failed to produce "undisputed evidence the mortgagor has failed to make payment" as required under New York law. Id. As conceded in its July 30, 2018 Letter, CIT Bank must provide "an affidavit setting forth when the default occurred and the amount of damages due under the Note and Mortgage." (See July 30, 2018 Letter at 1.) On April 24, 2019, the Court ordered CIT Bank to provide those materials. (See April 24, 2019 Order at 1.) CIT Bank failed to do so, and thus cannot carry its burden on its Motion. Thus, the Court must deny CIT Bank's Motion.
Separately, Neris argues that CIT Bank did not comply with New York's Real Property Acts Law Sections 1303 and 1304. Section 1303 requires "a foreclosing party in a residential mortgage foreclosure action to attach a notice including sources of information and assistance to homeowners in foreclosure to the summons and complaint." See United States v. Starr, No. 16 Civ. 1431, 2017 WL 4402573, at *3 (S.D.N.Y. Sept. 29, 2017). "Section 1304 requires lenders, assignees, or mortgage loan servicers to transmit a notice to the borrower at least 90 days prior to commencing a legal action for mortgage foreclosure." Id. Neris argues that because CIT Bank did not comply with these provisions, the Court must dismiss the action. (See August 15, 2018 Letter at 2.)
Although CIT Bank provided evidence of its compliance with Section 1303 (see Dkt. No. 10 at 1), it conspicuously never addressed its compliance with Section 1304 when responding to Neris (see August 20, 2018 Letter at 1). Like the failure to provide proof of default, the failure to show compliance with Section 1304 also requires denial of CIT Bank's Motion.
III. ORDER
For the reasons discussed above, it is hereby
ORDERED that the motion so deemed by the Court as filed by plaintiff CIT Bank, N.A. ("CIT Bank") for a judgment *245 on the pleadings (Dkt. Nos. 31, 33) is DENIED without prejudice. It is further
ORDERED that CIT Bank inform the Court, by Friday, June 21, 2019, concerning the status of this action and CIT Bank's contemplation with regard to any further proceedings. In the event no timely response to this Order is submitted, the Court may dismiss the action without further notice for lack of prosecution.
SO ORDERED.